THE STATE OF FLORIDA EX REL. RICHARD JORDAN VS. T. E. BUCKMAN, RESPONDENT.

1. Where the language of a Constitution or statute is clear, plain and without ambiguity, effect must be given to it accordingly.
2. A conviction of petty larceny disqualifies a person from voting in this State.

This is a writ of mandamus brought against the respondent, as Clerk of the Circuit Court of Duval county, to compel him to restore Jordan's name to the registration list of that county, from which it had been erased by the County Commissioners, or to register his name thereon. The alter-

native writ shows that Jordan's name was erased and he denied the right to vote at the election in 1880, because he had, previously in the same year, been tried before a Justice of the Peace, and found guilty by a jury, of a charge of larceny of property of less value than five dollars, and sentenced by the Justice of the Peace to pay a fine of ten cents and costs.

The respondent moved to quash the writ on the following grounds:

1. The writ shows that the said Jordan has been duly convicted, adjudged and sentenced guilty of the crime of larceny by a court of competent jurisdiction in the State of Florida.

2. The writ does not show that the said Jordan is entitled in law to have his name restored to the registration list of Duval county.

*George P. Raney*, for the motion.

*H. Bisbee, Jr., contra.*

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The relator in this case was convicted of petty larceny, as defined by the statute controlling the subject. This conviction was had through a prosecution before a Justice of the Peace, according to statutory regulations, and not " on presentment and indictment by a grand jury." Upon application made after this conviction to the Clerk of the Circuit Court in the county in which he resided (Duval), and in which he was entitled to register, if his conviction of petty larceny did not destroy that right, he was denied registration upon the ground that, under the Constitution and laws of this State, his conviction of petty larceny did destroy his right to vote.

The relator, while admitting his conviction of the crime stated, affirms that a conviction of petty larceny does not disqnalify him, and seeks, at the hands of this court, a peremptory writ directing the Clerk to place his name on the registration list. The question here, therefore, is whether, in this State, a conviction of petty larceny, in a trial before a Justice of the Peace, disqualifies the person so convicted from voting. The clauses of the Constitution and statutes controlling the subject are as follows: Section 8 of the "Declaration of Rights" provides "that no person shall be tried for a capital or otherwise infamous crime, except in cases of impeachment, and in cases of the militia when in active service in time of war, or which the State may keep, with the consent of Congress, in time of peace, and in cases of petty larceny under the regulation of the Legislature, unless on presentment and indictment by a grand jury."

Section 23, Article IV., provides that no person "convicted of bribery, forgery, perjury, larceny or other high crime, unless restored to civil rights, shall be permitted to serve on juries."

Section 2, Article XIV.: "No person under guardianship, *non compos mentis* or insane, shall be qualified to vote at any election; nor shall any person convicted of felony be qualified to vote at any election, unless restored to civil rights."

Section 4, Article XIV.: "The Legislature shall have power, and shall enact the necessary laws to exclude from every office of honor, power, trust or profit, civil or military, within the State, and from the right of suffrage, all persons convicted of bribery, perjury, larceny or of infamous crime," and the Legislature, in 1868, enacted that "persons hereafter convicted of felony, bribery, perjury, larceny, or other infamous crime, shall not be entitled to vote." *Section*

*6, Chapter 1625, Laws.* The Legislature has also attached to the crime of petty larceny a punishment which makes it a misdemeanor, the Legislature having enacted that only those crimes punished by imprisonment in the State Penitentiary are felonies, and petty larceny is not thus punished.

In view of these sections of the Constitution, and these statutory provisions, we think the plain and clear result is that a person convicted of petty larceny is not a qualified elector in this State. The term " larceny," as used in all of these sections, embraces petty larceny, and petty larceny, so far as its nature is defined by the Constitution, is, under section 8 of the Declaration of Rights, an " infamous crime." In our judgment, a resort to the first and simplest rule of construction, which is, that when the language of a constitution or statute is clear, plain and without ambiguity, effect must be given to it accordingly, is all that is necessary. The language being clear and plain, there is no uncertainty to be explained. The Legislature may, or may not, under this Constitution, so legislate as to annex to petty larceny the punishment of a misdemeanor, but neither such a statute, nor any other which the Legislature might pass, can disconnect from it that punishment which the Constitution makes it the duty of the Legislature to annex to it, which is disqualification to vote.

The writ is quashed.