W. H. PALMER, PLAINTIFF IN ERROR, v. FANNIE PARKER AND MITCHELL WRIGHT, DEFENDANTS IN ERROR.

1. Under the provisions of Chapter 4723, Acts of 1899, only final judgments and decrees rendered and entered in the Circuit Courts of this State and certified copies thereof are admissible as prima facie evidence of the entry and validity of such judgments and decrees. This statute does not apply to judgments rendered by a justice of the peace and docketed in the office of the clerk of the Circuit Court as provided by Section 1624, Revised Statutes of 1892.

2. A judgment upon confession before a justice of the peace, which fails to show the cause of action or indebtedness as required by Section 1623, Revised Statutes of 1892, is void.

This case was decided by Division B.

Writ of error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*R. E. Davis* and *Horatio Davis,* for Plaintiff in Error;

*B. A. Thrasher,* for Defendants in Error.

PARKHILL, J.: This was an action of ejectment in the Circuit Court of Alachua County, brought by plaintiff in error against defendants in error. The plea was not guilty. The trial, on the 17th day of November, 1905, resulted in a verdict and judgment for defendants, from which judgment this writ of error was taken.

I.   The plaintiff, to prove his title to the land in controversy, offered in evidence a Sheriff's deed conveying the land in question.   To the reading of the said deed in evidence the defendants objected because "the judgment in the case should be offered in evidence before the deed should be admitted in evidence." But the court overruled the objection and admitted the deed in evidence, "provided a legal judgment is offered and admitted in evidence." Thereupon the plaintiff offered in evidence the following paper:

"In Justice Court, Seventh District,
Alachua County, Florida.

Florida Fertilizer Manufacturing Company vs. I. E. Webster, as Executor of the last will and testament of Willis Parker, deceased.

It is now considered, ordered and adjudged that the plaintiff, the Florida Fertilizer Manufacturing Company, do have and recover of and from the said I. E. Webster,

Palmer v. Parker et al.—Opinion of Court.

as Executor of the estate of Willis Parker, deceased, as heretofore confessed, seventy-seven and 48-100 ($77.48) dollars damages; also the two and 85-100 ($2.85) dollars, as costs, and further, that said damages and costs be made out of the goods and chattels, lands and tenements of the estate of Willis Parker, deceased, in the hands of I. E. Webster, as executor of said estate.

Given under my hand and seal this 4th day of September, A. D. 1899.

(SEAL) G. M. Coleman, J. P.

I do hereby certify that the foregoing is a true copy of the case on my docket, and a true copy of judgment as found on my docket, wherein the Florida Fertilizer Manufacturing Company vs. I. E. Webster, executor of the estate of Willis Parker, deceased.

(SEAL.) Geo. M. Coleman,
Justice of the Peace, 7th District.

Filed September 30th, 1899; Recorded October 4th, 1899. H. C. Denton, Clerk,
Per. S. H. Wienges, D. C.

State of Florida,
Alachua County.

I, H. C. Denton, Clerk of the Circuit Court of the Fifth Judicial Circuit of Florida, in and for Alachua County, the same being a Court of Record, do hereby certify that the foregoing is a correct and true copy of what it purports to be from the face thereof, as the same appears of record in Foreign Judgment Docket No. 2, at page 180; the same being one of the public records of my office.

In Testimony Whereof, I hereunto subscribe my name

and affix the seal of our said Circuit Court, this the 12th day of December, A. D. 1902.

   (SEAL.)                            H. C. Denton,
                                    Clerk Circuit Court.
                   Pr. S. H. Wienges, D. C."

But to the reading of this paper in evidence the defendants objected, among other reasons, because the same is not a valid judgment, and because the record and proceedings in the case in the Justice Court have not been introduced. The said objection was sustained, the plaintiff then and there excepted, and this ruling of the court is made the first assignment of error here. The question arises, therefore, whether it was necessary to introduce the record of the suit which culminated in the judgment offered in evidence, along with such judgment, or whether the judgment entry alone was properly admissible.

Prior to the enactment of Chapter 4723, Acts of 1899, a judgment entry alone, unaccompanied by any other part of the record of such judgment or any sufficient explanation of its absence, when offered in evidence for a purpose other than to show the fact of its rendition was inadmissible if seasonably objected to. Clem v. Meserole, 44 Fla. 234, 32 South. Rep. 815. It is contended now by counsel for plaintiff in error that according to the provisions of Section 1624, Rev. Stats. of 1892, the judgment here offered in evidence became a judgment of the Circuit Court, and that by the enactment of Chapter 4723, Acts of 1899, judgments of the Circuit Court and certified copies thereof are declared to be admissible as prima facie evidence of the entry and validity of such judgments. So much of Section 1624 as is necessary to be quoted here is as follows: "A Justice of the Peace, on demand of a party in whose favor he shall have rendered a judgment, shall give a

transcript thereof, which may be filed and docketed in the office of the Clerk of the Circuit Court of the county where the judgment was rendered within four years after the rendering of such judgment. The time of the receipt of the transcript by the Clerk shall be noted thereon, and a memorandum of the judgment entered in the docket of the Circuit Court provided for such judgments; and from that time the judgment shall be a judgment of the Circuit Court, and enforced in like manner as other judgments of the Circuit Court."

Chapter 4723, Acts of 1899, provides: "That all final judgments and decrees, heretofore or hereafter to be rendered and entered in the Circuit Courts of this State, and certified copies thereof be, and the same are hereby, declared to be admissible as prima facie evidence in the several courts of this State of the entry and validity of such judgments and decrees."

The language of Chapter 4723, Acts of 1899, is clear and plain and applies to judgments *"rendered* and entered in the *Circuit Courts,"* not to judgments rendered in the Courts of Justices of the Peace. There is no ambiguity in the language of the statute. The first rule of construction is that, if the language is clear and admits of but one meaning, the Legislature should be held to have intended what it has plainly expressed, and there is no room for construction. 26 Am. & Eng. Ency. Law (2nd ed.) p. 598; State *ex rel.* v. Buckman, 18 Fla. 267. We do not think the language of Chapter 4723 can be so enlarged by construction as to apply to a judgment rendered by a Jusrtice of the Peace and docketed in the office of the Clerk of the Circuit Court, because, giving to Section 1624 all the force and effect claimed for it, the judgment of the Justice of the Peace would only be a judgment of the Circuit Court

by being docketed or entered there, and not a judgment *rendered* in the Circuit Court. The statute does not say that judgments *of the* Circuit Court shall be prima facie evidence of their validity, but judgments *rendered* and *entered* in the Circuit Court shall be prima facie evidence of their validity. Whether the judgment so docketed becomes "a judgment of the Circuit Court" is a question not necessarily involved here. This question was before this court in the case of Bucky v. Willard, 16 Fla. 330, but not decided. In that case, Mr. Justice WESTCOTT was of the opinion that the judgment, so far as it purported to be a judgment of the Circuit Court was void. It is unnecessary for us now to go further in support of the provisions of Section 1624, Revised Statutes of 1892, than this court has already gone in the case just cited.

II. The plaintiff further to maintain the issues in his behalf then produced and offered in evidence the following paper:

"In Justice Court, Seventh District,
Alachua County, Florida.

The Florida Fertilizer Manufacturing Company vs. I. E. Webster, Executor of the Estate of Willis Parker.—Assumpsit: Damages $100.00.

*R. E. Davis,* for Plaintiff.

The above styled cause coming on by a praecipe being filed by the plaintiff's attorney, and a summons being issued on the 26th day of July, 1899, service accepted by the defendant, on the 29th day of July, 1899, and the summons returned. Appearance made by I. E. Webster in person, on the 7th day of August, 1899, in the above styled cause.

Now comes the defendant, I. E. Webster, executor of the estate of Willis Parker, deceased, in the above styled cause, and confesses judgment to-wit:

State of Florida,
Alachua County.
Seventh District.

The Florida Fertilizer Manufacturing Company vs. I. E. Webster, Executor of the Estate of Willis Parker, deceased.

I have confessed judgment before a Justice of the Peace of the Seventh District of Alachua County, Florida, for seventy-seven dollars and forty-eight cents, damages, due the said plaintiff, and the Justice is authorized to enter judgment against me, as executor of the estate of Willis Parker, deceased, in favor of the plaintiff, the Florida Fertilizer Manufacturing Company, for said sum and two and 85-100 dollars, costs of said suit.

This 4th day of September, 1899.

I. E. Webster,
Executor Estate of Willis Parker.
Signed in my presence:
Geo. M. Coleman,
Justice of the Peace.

It is now considered, ordered and adjudged, that the plaintiff, the Florida Fertilizer Manufacturing Company, do have and recover of and from I. E. Webster, as executor of the estate of Willis Parker, deceased, as heretofore confessed, seventy-seven dollars and forty-eight cents, damages, also two dollars and eighty-five cents as costs.

And further, the said damages and costs to be made out of the goods and chattels, lands and tenements of the estate

of Willis Parker, deceased, in the hands of I. E. Webster, as executor of said estate.

(SEAL.)          Given under my hand and seal this 4th day of of September, 1899.

G. M. Coleman, J. P.

State of Florida,
Alachua County.

I, G. M. Coleman, Justice of the Peace, in and for the Seventh District of Alachua County, State of Florida, do hereby certify that the above and foregoing transcript of a judgment rendered by me is a true and correct copy of the entry thereof, in my docket by me the day and year it purports to have been entered, and that the foregoing embraces the entire record of the said case and all the proceedings appertaining thereto, before me.

Geo. M. Coleman,
Justice of the Peace.    (SEAL.)"

But to the reading of the same in evidence the defendant then and there objected because, among other reasons, the same, shows no valid judgment, and because the said alleged judgment fails to show the cause of action or indebtedness for which it was given. The court sustained this objection, the plaintiff excepted, and this ruling of the court constitutes the second assignment of error. We think the ruling of the court correct, because the judgment was a judgment upon confession before a Justice of the Peace, and neither the confession nor the judgment shows the cause of action or indebtedness for which the judgment was given.

Section 1623, Revised Statutes of 1892, provides that "judgment upon confession before a Justice of the Peace may be entered with or without the service of summons

for any indebtedness or for damages, which confession shall be signed in the presence of the Justice, and shall show the cause of action or indebtedness for which it is given."

There is an entire failure of the confession to show the cause of action or indebtedness as required by the statute and the judgment therefore rendered upon this confession is void. As stated by the Supreme Court of North Carolina in Davidson v. Alexander, 84 N. C. 621, "the object of the statute in this is to protect the other creditors of the debtor; to enable them, not only to see the extent of his liabilities, but to test the *bona fides* of this particular debt to which he is giving a preference."

Section 1623, Revised Statutes of 1892, was originally Section 19, Chapter 2040, Acts of 1875, and the form of confession of judgment given on page 26 of that Chapter is as follows: "I hereby confess judgment before——— ———, a Justice of the Peace of the County of——— —————, for the sum of —————— dollars and —————— cents, damages due to A. B. (for borrowed money, or labor, or upon open contract, &c.), and the said Justice is authorized to enter judgment against me," &c. In the form set forth in Section 1634, Revised Statutes of 1892, page 548, the words "for borrowed money, or labor, or upon contract," &c., have been omitted. There has been no change, however, in the language of the original act, Chapter 2040, Acts of 1875, and Section 1623, Revised Statutes, both provisons requiring that the "confession shall show the cause of action or indebtedness," and the language of the statute must prevail over the form set forth in the statute where the one conflicts with the other. There was no error in the ruling of the

court excluding the record of the proceedings before the Justice.

III.  Thereupon the plaintiff announced that he had no further testimony to offer, whereupon the court withdrew from the jury the consideration by them of the deed from the Sheriff to the plaintiff and directed the jury to find a verdict for the defendants. This action of the court was duly excepted to, and forms the basis of the third and fourth assignments of error.

The Sheriff's deed, having been admitted in evidence, provided a legal judgment should be offered and admitted in evidence, and no such judgment and execution having been admitted in evidence, the court properly withdrew from the jury's consideration the Sheriff's deed to the plaintiff.  The former rulings by the court having been found to be correct and the plaintiff having no further evidence the court properly directed a verdict in favor of the defendant.

The questions presented by the motion for a new trial have been already considered and disposed of in this opinion.

The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.