STATE OF FLORIDA, ex rel. NORMAN BIE, v. O. P. SWOPE, J. L. HEARIN, and F. CLAUDE REESE, as Commissioners constituting the FLORIDA REAL ESTATE COMMISSION, and GAYLORD C. KENYON.

30 So. (2nd) 748
May 20, 1947
Rehearing denied June 23, 1947

January Term, 1947
Special Division B

Lee L. Baker and Ray E. Ulmer of Baker & Ulmer, for appellant.

W. H. Poe, for appellees.

BUFORD, J.:

Norman Bie is a real estate broker licensed under Chapter 475 Fla. Statutes 1941 (same F.S.A.). On August 3rd, 1946, an information was filed before the Florida Real Estate Commission charging Norman Bie with having done and performed certain acts which constitute grounds for suspension or revocation of real estate brokers license under Sec. 475.25. Copy of the information was mailed to Norman Bie by registered mail and on August 24th, 1946, Norman Bie filed before the said Commission his answer to the information in which he first objected to the jurisdiction of the Florida Real Estate Commission and challenged its right to proceed in the matter. He then, without waiving the objection to jurisdiction, challenged the sufficiency of the information on the ground that the allegations thereof were so vague, indefinite and uncertain and duplicitous as not to afford the defendant reasonable knowledge of information as to what charges were preferred against him. He then answered each count of the declaration which answers are not necessary to be delineated or discussed here. Later he filed a supplemental answer in which he challenged the power of the Commission to revoke or suspend the real estate brokers license held by him.

On November 19, 1946, the Fla. Real Estate Commission appointed an Examiner and on November 23, 1946, the Commission overruled and denied the objection to the jurisdiction of the Commission, basing its said judgment on the provisions of Chapter 22861 Laws of Florida, 1945, the provisions of which Chapter were subsequently codified in 1945 Cumulative Supplement, Vol. 1, Fla. Statutes 1941.

On November 29, 1946, Bie in the name of the State of Florida ex rel Norman Bie v. O. P. Swope, et al., constituting the Florida Real Estate Commission, filed his suggestion for writ of prohibition in the Circuit Court in and for Pinellas County, challenging the jurisdiction of the Commission to proceed further in said cause. Whereupon, Rule to show cause was issued to the named Respondents.

On December 5th, 1946, demurrer to the Rule to Show Cause was filed by the Respondents and on the same date answer and return was filed.

On January 15, 1947, the Court entered its order sustaining the demurrer of the Respondents. The order of the Court in this regard is as follows:

"The Court is of the opinion that the proponents of the 1945 amendments of Chapter 475, Florida Statutes, 1941, apparently hoped to confer upon the Florida Real Estate Commission exclusive jurisdiction to hear and determine applications for the revocation or suspension of the registration of real estate brokers and salesmen. Whether the effect of the amendments as adopted was to confer such exclusive jurisdiction or merely jurisdiction concurrent with that of the Circuit Court, previously granted under Section 475.25, Florida Statutes, 1941, is not now determined by this Court. The legislature had the right to confer either exclusive or concurrent jurisdiction on the Commission and its action in so doing was not unconstitutional. The law as amended is by no means free from vagueness and may eventually require judicial interpretation of the details of the manner in which it should be applied and enforced. Such determination is not the object or purpose of this litigation. The action of the Legislature in conferring jurisdiction upon the Real Estate Commission to hear and determine the type of causes herein

sought to be heard and determined has not been clearly shown to be unconstitutional.

"In so ruling, this Court is neither approving nor disapproving the wisdom of such action. That is within the province of the Legislature, not the Court. Nor is the Court expressing any opinion as to whether Mr. Bie is guilty of any of the acts with which he is charged. That issue remains to be determined by a proper tribunal.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECEED that the Respondents' demurrer be, and the same is hereby sustained."

From this Order, appeal has been perfected which brings the matter here for consideration.

The effect of the 1945 amendatory act is so confusing that it is extremely hard to determine, and impossible to determine with certainty, just what the powers of the Commission are under the present state of the law. The provisions of the act as it now reads are in several respects inconsistent and contradictory.

Section 475.25 provides that "The Circuit Court may revoke or suspend the registration of any broker or salesman when it is satisfied that said broker or salesman has: (1) obtained registration by means of fraud, misrepresentation, concealment or through the mistake or inadvertence of the Commission;". Then follows twelve other grounds on which the Circuit Court may revoke or suspend the registration.

Section 475.29 provides:

"475.29. JURISDICTION. — The Commission shall have jurisdiction to hear and determine the cause both in cases where the defendant shall be a registrant. The defendant in all cases may appear in person, by counsel, or both, before the Examiner, the Commission or the Court on appeal, as may be prescribed by rule. All registrants who are alleged to have participated in the wrongful conduct may be joined as defendants in one information, but shall be granted separate trials upon petition."

Section 475.31 provides:

"After submission of the cause upon action or depositions, the Commission, after being sufficiently advised in the

premises, shall cause a final order to be entered in an appropriate order book denying, revoking or suspending the registration of the defendant, or dismissing the information. The cause may, however, be referred back to the Examiner for additional proof where material, relevant or competent evidence has been erroneously excluded. The order shall contain findings of fact."

And also provides:

"(5) In all proceedings, the findings of fact of the Commission shall have the same effect as a report of a General Master of Chancery, the order revoking or suspending the registration of a broker shall automatically suspend the certificates of all salesmen, and if a partnership or corporation, or all members, officers and directors, during the period of suspension or until new employment or connection is secured and registered; but such right of transfer or renewal shall not extend beyond a period of six months after such order shall be final. All orders of revocation or suspension shall become effective immediately upon the entering of the order and notice to the defendant."

So the Act authorizes the Circuit Court to revoke or suspend the registration of a broker or a salesman for the commission of certain acts and also provides that the Commission shall have jurisdiction to hear and determine the cause and enter final judgment; and then the Act provides that in all proceedings the findings of fact by the Commission shall have the same effect as a report of a General Master in Chancery.

We are unable to reconcile these contrary provisions of the statute. It appears to us to be elementary that if it was the intent of the Legislature to make the revocation or suspension of registration a judicial function, it could not then confer the powers of exercising the duty of performing that judicial function upon an administrative board.

Then again sub-paragraph 3 and 4 of Sec. 475.31 are as follows:

"(3) An order suspending the registration of a broker shall not be superseded by any appeal, except upon final entry of an order of reversal. In proceedings for suspensions the

Commission shall meet at least once formally to receive, discuss or decide the sufficiency of the order to be signed and assented to by a majority of the members. The order shall be based upon the preponderance of the evidence and in suspension proceedings the burden of the proof shall be upon the plaintiff to sustain the allegations of the information.

"(4) An order revoking the registration of a broker shall not be superseded by any appeal, except upon final entry of an order of reversal. In proceedings for revocation the Commission shall meet formally to receive, discuss and decide the sufficiency of the order to be signed and assented to unanimously. The order shall be based upon the preponderance of the evidence and in revocation proceedings the burden of the proof shall be upon the plaintiff to sustain the allegations of the information."

While Section 475.44 provides as follows:

"475.44. Right of the defendant to apply for temporary injunction or temporary restraining order:

"Whenever the Commission makes and enters an order suspending or revoking the license of the accused in said cause and the accused serves notice on the commission that he desires to appeal from such order, the commission shall without delay file the complete record or a certified transcript thereof in the office of the Clerk of the Circuit Court in the county where the defendant resides. Upon the filing of said record of said certified transcript the court may upon the application of the defendant, upon examination of the record, enter a temporary injunction and order staying the operation of the suspension or revocation order of the commission appealed from for a period of thirty days and upon the expiration of said period the defendant shall apply for an extension. The court may extend said stay order for such time as to it may seem meet and proper."

The quoted sub-paragraphs prohibit the superseding of any order of the Commission while the last quoted section especially provides that on application the Circuit Court may enter a restraining order staying the operation of the suspension or revocation order of the Commission appealed from.

There are other inconsistencies not needful to be given

here. In the case of Fine v. Moran, 74 Fla. 417, 77 So. 533, we said:

"In construing or interpreting the words of a statute it should be borne in mind that the courts have no function of legislation, and seek only to ascertain the will of the legislature. The courts may not imagine an intent and bend the letter of the act to that intent, much less, says the Maryland Court, "can we indulge in the license of striking out and inserting and remodeling with the view of making the letter express an intent which the statute in its native form does not evidence. See Alexander v. Worthington, 5 Md. 471, text 485. The legislator is presumed to know the meaning of words and the rules of grammar, said the Supreme Court of the United States in United States v. Goldberg, 168 U. S. 95. 42 L. ed. 394, 18 Sup. Ct. Rep. 3, cited in 2 Lewis' Sutherland Statutory Construction, Sec. 366. In the case of State ex rel Jordan v. Buckman, 18 Fla. 267, Mr. Justice Westcott, speaking for the court, said that when the language of a constitution or statute is clear, plain and without ambiguity, effect must be given to it accordingly. The language being clear and plain there is no uncertainty to be explained. In another case the Court, speaking through Mr. Justice Parkhill, said: 'The first rule of construction is that, if the language is clear and admits of but one meaning the legislature should be held to have intended what it has plainly expressed and there is no room for construction.' See Palmer v. Parker, 52 Fla. 389, 42 South, Rep. 398. It is not allowable to interpret what has no need of interpretation. 2 Lewis Sutherland Stat. Construction, Sec. 366; Talbott v. Fidelity & Casualty Co. of New York, 74 Md. 536, 22 Atl. Rep. 395; Rodenbaugh v. Philadelphia Traction Co., 190 Pa. St. 358, 42 Atl. Rep. 953. Where the words used have a definite and precise meaning the courts have no power to go elsewhere in search of conjecture in order to restrict or extend the meaning. Black on Interpretation of Laws 37. Courts cannot correct supposed errors, omissions or defects in legislation, 'The object of interpretation is to bring sense out of the words used, and not to bring a sense into them.' Black on Interpretation of Laws, supra."

Our conclusion is that the language of the 1945 Amendatory Act was not sufficiently clear and specific to substitute the Florida Real Estate Commission for the Circuit Court with jurisdiction to make final orders and judgments revoking or suspending a licensed real estate broker's registration. To hold otherwise, we would have to violate the rule stated in the Fine case, supra.

We construe the Act as it now appears with the amendments to authorize the Florida Real Estate Commission to receive an information charging a violation of Section 475.25, supra, and to conduct the necessary hearings with the production of evidence pro and con on the charge made and to submit to the Circuit Court the record so made with its findings of fact and its recommendations as to the judgment to be entered by the Circuit Court for such action by the Circuit Court as may be in accordance with law and practice, the same as if such return, report and findings had been made by a duly appointed and authorized General Master in Chancery.

In this case, therefore, there is a field for the further exercise of jurisdiction by the Commission properly conferred upon it by the statute.

So the order discharging the Rule Nisi should be affirmed with directions that the Commission may proceed with the cause in a manner not inconsistent with the views herein expressed.

So ordered.

THOMAS, C. J., ADAMS, J., and KANNER, Associate Justice, concur.