65 So.2d 12 (1953)
McDONALD
v.
ROLAND et al.
Supreme Court of Florida, Special Division B.
May 5, 1953.
Clayton, Arnow, Duncan & Johnston and Scruggs, Carmichael & Lowry, Gainesville, for appellant.
Henry L. Gray, Gainesville, for Board of County Commissioners.
Harold R. Hunter, attorney for Juvenile Court of Alachua County, Gainesville, pro se.
PATTERSON, Associate Justice.
Appellant is the County Judge of Alachua County and by virtue of Chapter 39, Florida Statutes 1951, F.S.A., is also ex officio *13 Judge of the Juvenile Court of that county. Acting under section 39.18, the appellees, as the Board of County Commissioners, fixed the appellant's salary as Juvenile Judge at $600 per year, additional to his compensation as County Judge. Appellant, by his amended petition for declaratory decree, sought to require the appellees to fix and pay to him compensation as Juvenile Judge at the rate fixed by section 39.18 on the contention that such provisions are mandatory upon appellees and require payment of compensation according to the formula set out in that section, which in appellant's case would substantially exceed $600 per year. The appellee Hunter is not involved in the question reaching us on this appeal.
The Chancellor entered final decree adverse to appellant as follows:
"It appears to have been intended by the 1951 legislature that the Board of County Commissioners should supplement the salary of the County Judge for his services as Judge of the Juvenile Court in an amount to be fixed by the Board, within the `maximum permissible' under the formula set out in the Act, 39.18(2) (c), (7), taking into consideration the duties of the office to be performed under an enlarged jurisdiction."
"The legislature vested the Board of County Commissioners the discretionary power of fixing the salary of the Juvenile Court Judge to be paid in addition to compensation received by him in the capacity of County Judge, within a given limit."
Such construction of section 39.18 is assigned here as error. We are therefore confronted with a consideration of Chapter 39, Florida Statutes 1951, F.S.A., the Juvenile Court Act, insofar as it provides for appellants' compensation as Juvenile Judge. The pertinent provisions of the Act are found in section 39.18, subsections as follows:
"(1) The board of county commissioners of each county may appropriate each fiscal year * * * from the general fund or another fund * * * for the expense of operating the juvenile court * * * not exceeding a sum equal to twenty-five cents for each person in the county. * * *
"(2) Out of the juvenile court fund the board of county commissioners of each county may pay such annual salaries to the judge and counselor as shall not exceed the amount specified in this subsection * *.
"(c) In counties or districts having a population of at least fifty one thousand but not exceeding two hundred thousand nine hundred ninety nine, the judge may be paid an annual salary not exceeding an amount equal to forty six hundred dollars plus twenty dollars for each full one thousand population over fifty thousand in the county or district.

* * * * * *
"(4) The salaries of the judge and counselor herein specified * * * shall be the entire compensation of those persons for their services in those capacities, and none of them shall receive or charge any fees in addition thereto for those services.
"(5) In counties where the county judge is juvenile court judge, the salary of the juvenile court judge may be paid to the judge in addition to compensation received in the capacity of county judge.

* * * * * *
"(7) Notwithstanding any other provisions in this section, * * * no county judge acting as juvenile court judge shall be paid, as salary for service as juvenile court judge, an annual sum which, together with the compensation of that county judge for services as county judge, will exceed the annual salary paid to the circuit judge drawing the largest annual salary in the judicial circuit * * *."
It is helpful also to consider subsections 39.18(2) (f) and 39.18(6) which provide:
"(2) (f) The counselor may be paid an annual salary equal to two-thirds of the annual salary specified as permissible to be paid to the judge by this subsection (2), * * *.
"(6) Any change in the maximum permissible appropriation for the juvenile court fund or in the maximum permissible salaries of the judge or counselor which is occasioned by a new state or federal census shall become effective at * * *."
*14 Appellant urges upon us the settled rule that the words "may", "shall", and "must" are often used interchangeably in statutes, without regard to their literal meanings, and that the word "may" should be construed as mandatory whenever the statute prescribes the performance of an act by a public body or public officer for the promotion of justice or the public good, or when the public or individuals have a claim de jure that the power be exercised. It is also urged that, under the rule that the legislature is presumed to have intended to enact a constitutional law, the word "may" in a statute is to be read "shall" if such reading is necessary to save the constitutionality of a statute. It is argued that if the statute is construed as below, it will encounter constitutional difficulties not necessary to elaborate here.
Where statutory language is plain and unambiguous, the statute must be given its obvious meaning and effect and no problem of construction is presented. Rules of statutory construction are the means, resting in logic, by which courts seek to determine legislative intent when that intent is not so plain and obvious as to be conclusive. For such purpose the rules of construction urged by appellant are useful and have often been applied in proper cases by this court. It is equally settled, however, that courts will consider, among other things, the history of the enactment of a statute as an aid in determining the legislature's intent. Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321.
Chapter 39 is the legislative implementation of section 50 of Article V of the Florida Constitution, F.S.A., adopted in the general election of 1950, giving the Legislature power to establish Juvenile Courts, including among other things, the power to fix the compensation of Juvenile Judges. The original legislative bill presented to the legislative committee as the new Juvenile Court Act was House Bill No. 154, the original of which is on file in the office of the Secretary of State. Such original House Bill No. 154 was modified in committee by changing the word "shall" throughout section 39.18 of the original bill to "may" and by inserting the word "permissible" in subsections 39.18(2) (f) and 39.18(6). The original House Bill No. 154 as thus modified and with a modified title was then submitted to both houses of the Legislature as Committee Substitute for House Bill No. 154 and adopted as Chapter 26880, Laws of Florida, 1951 which now appears as Chapter 39, Florida Statutes, 1951, F.S.A. Thus it appears that in the process of enactment of the provisions relevant to the matter before us, the use of the word "shall", having a normal mandatory meaning and connotation, has been rejected in favor of "may", having a normal meaning of permission. We think, therefore, that the specific purpose and intent of the legislature with respect to section 39.18 is so clear that it must withstand whatever inconsistent general intent may be argued for the Chapter as a whole. Where the legislature has thus advisedly expressed its specific intention, we are not permitted, by the application of a general rule of statutory construction, to read into the resulting statute a contrary meaning and effect which the legislature has manifestly rejected.
Where the legislature's intention is clearly discernible, the court's duty is to declare it as it finds it, and it may not modify it or shade it, out of any consideration of policy or regard for untoward consequences. If the statute involved here is to encounter constitutional objection, it must then stand or fall on its own merits. See State ex rel. Bie v. Swope, 159 Fla. 18, 30 So.2d 748; Curry v. Lehman, 55 Fla. 847, 47 So. 18.
We think the Chancellor has construed section 39.18 correctly and the decree appealed from is
Affirmed.
TERRELL, Acting Chief Justice, and THOMAS and SEBRING, JJ., concur.