LILES, Acting Chief Judge.
George E. Weaver, Trustee, petitioned the Circuit Court in and for Sarasota County to create a drainage district pursuant to Chapter 298, Florida Statutes. The Board of County Commissioners of Sarasota County (hereinafter referred to as County) sought to intervene as the governing body of that county on the grounds that the County had a vital and direct interest in the petition. The County simultaneously sought to dismiss the petition on the grounds that it had adopted a charter pursuant to Article VIII, Section 1(g) of the Florida Constitution, 1968, F.S.A. The trial judge denied the motion to dismiss and denied the County’s right to intervene.
Chapter 298.03 provides, among other things, that any land owner who did not sign the petition may advocate or resist the organization and incorporation of a drainage district. Civil Procedure Rule 1.-230, 30 F.S.A. provides:
“Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be insubordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.”
We believe that the rule is without limitation except as in the discretion of the court. Chapter 298.03 does not place a limitation upon those claiming an interest by requiring them to be land owners. This simply designates land owners who may advocate or resist, and in no way limits governmental entities such as the entity seeking to intervene. Aside from that, intervention does not necessarily carry with it the connotation that they are going to resist the organization of this drainage district. This is particularly true in light of § 125.01(10), Laws of Florida, 1971:
“(10) establish and administer programs of housing, slum clearance, community *407 redevelopment, conservation, flood and beach erosion control, air pollution control, and navigation and drainage, and cooperate with governmental agencies and private enterprises in the development and operation of such programs.” (Emphasis added.)
It therefore appears from the language of § 125.01(10) that the County is not only to provide drainage but was to cooperate with private enterprise, and the establishment of this drainage appears to be private enterprise. We believe that the rule together with the most recent pronouncement of the Legislature in Chapter 125 allows the County to intervene and the trial judge was in error in his failure to allow the County to participate in what has been designated to be their mandatory function.
By way of dicta, a reading of § 125.-01(17) allows the County to establish, abolish and create such districts, and if the Legislature allows Chapter 298 to stand we can envision a race to the courthouse when citizens attempt to establish a drainage district as these petitioners have. It therefore behooves the Legislature to correct these kinds of conflicts.
The Legislature did not see fit to repeal Chapter 298 and it is part of the General Laws of Florida and provides a clearly defined method for establishing such drainage district. The court said in Arnold v. Shumpert, Fla.1968, 217 So.2d 116, that general law cannot be abrogated by County charter.
Therefore, the court was not in error in denying the County’s motion to dismiss the petition. We hasten to add, the County charter is in conflict with the Chapter 298 and should be corrected by the Legislature.
Affirmed in part and reversed in part.
HOBSON and McNULTY, JJ., concur.