WIGGINTON, Judge.
Petitioner, South County Drainage District, has appealed a final judgment denying its prayer for permission to amend its plan of reclamation affecting lands lying within the district and located in Volusia and Brevard Counties. The judgment also set aside a previous judgment entered in the cause which extended the boundaries of the district from Volusia County into an area located in the northern part of Bre-vard County. In addition, the judgment found and determined that petitioner, South County Drainage District, has been abolished by a special act adopted by- the Florida Legislature in 1970, and its powers and functions have now been transferred to and vested in the Volusia County charter government. It is the position of appellant that the trial court erred as a matter of law in each of the foregoing provisions of its final judgment and should therefore be reversed.
A petition to form the South County Drainage District was originally filed in the Circuit Court of Volusia County on May 2, 1967, pursuant to the provisions of Chapter 298, Florida Statutes, F.S.A. On August 4, 1967, the Legislature of Florida enacted Chapter 67-1022, Laws of Florida, creating the South County Drainage District, in Section 3 of which Chapter 298, Laws of Florida, was incorporated by reference. On September, 13, 1967, the circuit court rendered its judgment creating and incorporating the district to include lands lying only in the southern portion of Volusia County. A subsequent judgment was rendered by the court on December 14, 1967, including additional lands in Volusia County within the district.
On November 18, 1968, a petition was filed seeking to further extend the district’s boundary lines to include additional lands in both Volusia and Brevard Counties. It is the alleged irregularity of this proceeding which forms the crux of the principal point urged by appellant on this appeal. Pursuant to such petition, a judgment was rendered on February 6, 1969, extending the boundary lines of the district to include the additional lands in Volusia County as well as lands lying in the northern portion of Brevard County. The notice of the Drainage Hearing at which the foregoing petition was presented to and considered by the circuit court was published in Volusia County as required by the provisions of Chapter 298, F.S., but was not published in Brevard County where a portion of the newly incorporated lands were situate. In the judgment appealed herein, the trial court found and determined that since the notice of the Drainage Hearing held on February 6, 1969, was not published in Brevard County as required by the governing provisions of the statute relating to the extension of the boundaries of drainage districts in Florida, the judgment entered pursuant to the petition was void and of no effect insofar as it included within the newly formed district lines those lands in Brevard County.
The record reflects without dispute that the requested extension of the district boundary lines to include lands in Brevard County was made at the request and with the consent of the only landowner in Bre-vard County whose property would be included within the extended boundaries of the district. Appellant therefore contends that it was immaterial whether the notice of the Drainage Hearing was duly and legally published in Brevard County as required by the statute since the only landowner entitled to notice had consented to the extension of the district boundary lines to include his lands and had actual notice of the time and place of the hearing. *33 Such contention rests upon the postulate that only owners whose lands are proposed to be included within the district boundary lines as extended are entitled to notice or have a right to be heard on the merits of the petition, which postulate appellant insists is legally supported by established principles of statutory comstruction.
The section of the statute which prescribes the procedure to be followed by a drainage district in proposing an extension of its boundary lines to include additional lands or to change its plan of reclamation provides that, upon the filing of the petition, the clerk of the circuit court shall give notice of a Drainage Hearing to be held on the petition as provided in Section 298.02, F.S.[1] The latter statute provides that notice of the hearing by publication shall be made once a week for four consecutive weeks in some newspaper published in each county in which lands and other property described in the petition are situate. As stated above, it is conceded that the notice of Drainage Hearing in the case sub judice was not published in Brevard County where a portion of the lands proposed to be included within the extended boundaries of the district was located.
The general rule regarding the necessity of strict compliance with statutory requirements for constructive notice in judicial proceedings is:
“ . It has been laid down broadly that statutes relating to publication of notice in legal proceedings must be strictly complied with, and, where a statute directs the publication of a notice having reference to personal rights or to property, the requirements of the statute are to be strictly pursued.” [2]
The foregoing rule has been adopted as the law of Florida as reaffirmed by the Supreme Court in the case of Napoleon B. Broward Drainage District v. Certain Lands, etc.:[3]
“It is established law that when substituted or constructive service is substituted in place of or for personal service a strict and substantial compliance with the provisions of said statute must be shown in order to support the judgment or decree based on such substituted or constructive service. . . . The fact that the defendant had actual knowledge of the attempted service cannot be relied upon to justify the failure of the plaintiff to strictly observe and substantially comply with a statute authorizing service by publication. . . . ”
Appellant urges that since only lands lying within the district are subject to drainage tax and are the only lands directly affected by the drainage and reclamation activities of the district, other owners of lands lying outside the proposed extended boundaries of the district have no right to notice of the Drainage Hearing or to be heard on the merits of the petition to extend the boundaries to include additional lands. An examination of the statute under which the district was created impels a contrary view.
Among the powers conferred by the statute upon the Board of Supervisors of the district is the right to change the course of flow, alter or deepen any canal, ditch, drain, river, water course, or natural stream; to concentrate, divert, or divide the flow of water in or out of the district; to construct canals, drains, and ditches and connect them with natural streams, lakes, or water courses in or adjacent to the dis *34 trict; to build or construct any other works deemed necessary to improve the works in or out of the district; to construct any and all bridges that may be needed in or out of the district; to construct roadways and levees over any public highway, railroad right-of-way, track or fill in or out of the district; to remove any fence, building, or improvement in or out of the district; and, to condemn land in or out of the district for any lawfully authorized purpose.[4]
Upon consideration of the foregoing powers susceptible of exercise by the district, one will readily contemplate the tremendous impact which the activities of the district may have upon lands outside of but in close proximity to the district boundary lines. The owners of such adjacent lands are protected by the statute to the extent of being entitled to statutory notice of any Drainage Hearing to be held on a petition filed by the district either to extend its boundaries or to change its plan of reclamation.[5] We therefore hold that the trial court was eminently correct in concluding that failure of the district to publish in Brevard County notice of the Drainage Hearing to be held on the district’s petition to extend its boundaries invalidated and rendered void that part of the previous order which purported to extend the boundary lines of the district to include lands in Brevard County.
We have carefully considered appellant’s remaining point on appeal, but, in view of our holding hereinabove set forth, we find this point to not constitute grounds for reversal. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K„ Acting C. J., and RAWLS, J., concur.

. F.S. § 298.07, F.S.A.

. 66 O.J.S. 666 Notice § 18 — Publication.

. Napoleon B. Broward Drainage District v. Certain Lands, etc., (Fla.1948) 160 Fla. 120, 33 So.2d 716, 718.
See also Florida Jai Alai, Inc., v. Lake Howell Water & Reclamation District, (Fla.1973) 274 So.2d 522.

. F.S. § 298.22, F.S.A.

. In Re West Water Management District, (Fla.App.1972) 269 So.2d 405.