RAWLS, Chief Judge.
Appellees, ITT, Rayonier, Inc., and a number of affiliated corporations, the own *910 ers of 91,050 acres of land in St. Johns and Flagler Counties, filed their petition on the 22nd day of February, 1972, in the trial court to form a drainage district to be named Atlantis Water Management District, pursuant to the provisions of Chapter 298, Florida Statutes, 1971. Appellants now appeal from a final judgment incorporating the drainage district.
The primary question posed concerns the standing of appellants, or any of them, to participate in the judicial proceedings that entertained appellees’ petition to incorporate. The trial judge held that only those parties who owned land within the proposed drainage district were entitled to be heard.
The instant petition alleged that: “[t]he undersigned Petitioners, all of the owners of the lands within the proposed drainage district. . . . ” Appellant William L. Wadsworth answered alleging that he owned an undivided one-fourth remainder interest in certain lands[1] in Flagler County, which lie within the proposed drainage district; that said remainder interest is vested and subject only to an estate for life in his mother, Loretta Wads-worth; that the proposed drainage district would adversely affect the ecology, water supply, etc., and concluded by requesting the court to dismiss the lands claimed by him “from this suit”. Appellants, Dominic and Rose Maletta, Robert and Alice Williams, Roy E. and Wilmuth H. Likins, Roy W. and Janesene E. Likins, by answers,[2] denied material allegations contained in the petition, especially as to ownership and concluded by “requesting that the land owned by us be dismissed from this suit and that we be held without cost”. Appellants, Noah C. McKinnon, Jr., and Johanna McKinnon, likewise in their answer asked that their lands be dismissed from the suit.
What persons have a legal standing to contest a petition to incorporate a drainage district pursuant to the provisions of Chapter 298, Florida Statutes, 1972, F.S.A. ? Salient provisions of the subject statute are:
“298.02 Notice of Application to form drainage district.—
“(1) Immediately after the petition shall have been filed, the clerk in whose office the same has been filed, shall give notice by causing publication to be made once a week for four consecutive weeks in some newspaper published in each county in which lands and other property described in the petition are situate, and said notice shall be substantially in the following form.
“298.03 Objections to formation of district; hearing; decree incorporating district filed; decree filed in counties affected.—
“(1) Any owner of lands in the proposed district, who may not have signed the petition, may appear, on or before the return date stated in the notice, and advocate or resist the organization and incorporation of said drainage district; if he shall desire to resist the establishment of the district, he shall file his objection in writing, stating therein his reasons why the said drainage district should not be organized and incorporated or why his lands or any part thereof should not be included therein, or he may deny the statements in said petition.
“(2) Such objections, if any there be, shall -be heard by the court in a summary manner, without unnecessary delay, on a day to be named by the court or judge thereof, upon application of the petitioners or any of those signing the said petition. Upon the hearing, which may be *911 adjourned, from time to time, for good cause shown, of the said objections, if any have been filed, if the court shall he of the opinion that the establishment of the said drainage district and the improvements to be made thereunder will be for the advantage of the owners of the real property therein or that the same would be in the interest of the public health, convenience or welfare, he shall overrule said objections.
“(3) In case all such objections are overruled, or in case no such objections have been filed, the court thereupon shall, by its order duly entered of record, declare and decree said drainage district a public corporation of this state, for a term not exceeding the time mentioned in said petition. No drainage district shall be established or consolidated under any provisions of this chapter until there shall have been first obtained the written approval or consent of the owner or owners of a majority in acreage of the lands within said district. If the court finds that the lands set out in said petition should not be incorporated into a drainage district, it shall dismiss said proceedings and adjudge the costs against the said petitioners in proportion to the acreage represented by each. Any person having signed the petition shall have no right to have such proceedings dismissed as to him without the written consent of the other owners of a majority in acreage who signed said petition. The petition may be amended as any other pleading.

“298.07 Amending former decree incorporating district; changing boundary lines and plan of reclamation; form of notice; objections, hearing and determination on petition.—
“(1) The board of supervisors or the department of natural resources, for and in behalf of any drainage district organized under the provisions of this chapter, or the owners of land adjacent to such district, shall have the right to file a petition, in the office of the clerk of the court organizing said district, praying the court to amend its former decree incorporating the district, by correcting the names of the landowners, by striking out any such names, by adding, striking out or correcting the description of any land within or alleged to be within the boundary lines of any such district, or in any other manner amend its decree; said petition may ask permission of the court to amend or change ‘the plan of reclamation,’ or to correct any errors, omissions or other mistakes that have been discovered in ‘the plan of reclamation’; or said petition may ask that the boundary lines of said district be extended so as to include lands not described by, and included in, the petition and decree of the court incorporating the district. If such petition asks the court’s permission to change ‘the plan of reclamation’, or that the boundary lines of such district be in any manner changed, it shall also ask the court to appoint three commissioners, as provided for under the provisions of § 298.30, to appraise the land that shall be taken for right of ways, holding basins, or other work, or assess the benefits and damages to any or all lands, public highways, railroad and other property already in the district or that may be annexed to the district by the proposed amendments, and changes to ‘the plan of reclamation’ or the proposed change in the boundary lines of said district.

“(3) Any owner of land or other property located in the district, or any owner of land or property located outside of the district that will be affected by the proposed changes, amendments, and corrections enumerated in the petition, shall have the right to file objection to the granting of the prayer of said petition on or before the return date of the court in which the petition is to be heard, occurring not less than ten days after publication of said notice. The *912 court shall hear said petition and all objections that may have been filed against said petition in a summary manner on a day to be named by said court, or the judge thereof, upon application of any party interested and enter its decree according to its findings.”
Appellants, Noah C. McKinnon, Jr., and Johanna P. McKinnon, on the 2nd day of May, 1972, by motion, sought leave to file an amended answer to the subject petition alleging, inter alia, that lands owned by them “. . . is located either within the proposed drainage district or immediately adjacent thereto,” and further alleged numerous objections to formation of the district. On May 31, 1972, appellant, W. L. Wadsworth, in proper person, petitioned the court for leave to intervene on the grounds that he owned land “. . . immediately across from the Intercoastal Waterway, and immediately across ¡from Old Fox Cut from lands included in the proposed district.” The trial court denied their respective motions to amend answer and petition to intervene, holding that in order to file an objection the party must be a landowner within the proposed district.
Appellees urge that the Notice of application to form a drainage district,[3] addressed to: “[a]ll persons interested in the following described lands . . . that a petition asking that the foregoing lands be formed into a drainage district” restricts such “persons interested” solely to landowners within the proposed district. The provisions of F.S. § 298.03 supports appellees’ position, for the statute provides: “. . . [a]ny owner of lands in the proposed district, who may not have signed the petition, may appear. ...” [Emphasis supplied.] Does the doctrine of ex-pressio unius est exclusio alterius obtain? We hold not.
In South County Drainage District v. Brevard County,[4] this Court considered a factual situation wherein an existing drainage district sought to further extend the district’s boundary lines by including additional lands. The landowners of the land to be incorporated in the district had requested and consented to the extension of the boundaries; thus, the South County Drainage District contended that it was immaterial whether the notice of the drainage hearing was published, since only the landowner had a right to be heard. Judge Wigginton, speaking for this Court, stated, inter alia:
“The section of the statute which prescribed the procedure to be followed by a drainage district in proposing an extension of its boundary lines to include additional lands or to change its plan of reclamation provides that, upon the filing of the petition, the clerk of the circuit court shall give notice of a Drainage Hearing to be held on the petition as provided in Section 298.02, F.S. The latter statute provides that notice of the hearing by publication shall be made once a week for four consecutive weeks in some newspaper published in each county in which lands and other property described in the petition are situate. [Emphasis supplied.]

“Among the powers conferred by the statute upon the Board of Supervisors of the district is the right to change the course of flow, alter or deepen any canal, ditch, drain, river, water course, or natural stream; to concentrate, divert or divide the flow of water in or out of the district; to construct canals, drains, and ditches and connect them with natural streams, lakes, or water courses in or adjacent to the district; to build or construct any other works deemed necessary to improve the works in or out of the district; to construct any and all bridges that may be needed in or out of the district; to construct *913 roadways and levees over any public highway, railroad right-of-way, track or fill in or out of the district; to remove any fence, building, or improvement in or out of the district; and, to condemn land in or out of the district for any lawfully authorized purpose.
“Upon consideration of the foregoing powers susceptible of exercise by the district, one will readily contemplate the tremendous impact which the activities of the district may have upon lands outside of but in close proximity to the district boundary lines. The owners of such adjacent lands are protected by the statute to the extent of being entitled to statutory notice of any Drainage Hearing to be held on a petition filed by the district either to extend its boundaries or to change its plan of reclamation.” [Emphasis supplied.]
Appellees strenuously argue that the statutory scheme is that in the formation of a district the notice and right to object are limited to owners of lands in the proposed district who have not signed the petition and that owners of 'land adjacent to the district are to be given notice only after a plan of reclamation is proposed. As stated in the quotation from South County Drainage, supra, the powers conferred upon a drainage district are vast including a number of the prerogatives of the sovereign. It would be an anomaly and a departure from elemental principles of due process for this Court to hold that an adjacent property owner has the right to object to an extension of the territory of existing drainage districts but does not have the right to object to initial formation of same. We hold that the adjacent property owners of the proposed drainage district had a right to appear in the cause and assert any appropriate adversary defenses.
Secondly, we hold that the proponents of a drainage district cannot eliminate the affirmative defenses of landowners initially included in the proposed district by the device of eliminating the lands of those objecting. To hold otherwise, places any potential objector or adversary upon the horns of a dilemma-—either to ask that their lands be dismissed or in the alternative to stand and fight risking their lands. Here, certain landowners asked that “their lands” be dismissed, yet sought to assert affirmative defenses subsequent to the dismissal of their lands. The trial court erred in not further considering those affirmative defenses.
Lastly, appellants Gurnee, Barker, Nelson and Raymond sought to participate in the proceedings as freeholders and citizens. The trial judge was correct in finding that these parties had no standing to participate in the proceedings.
We have not considered the constitutional questions urged by appellants in view of our conclusion that the cause must be remanded for further proceedings because of the foregoing reasons. The judgment appealed is reversed with directions that further proceedings be had in accordance with the views expressed herein.
Reversed and remanded.
JOHNSON and CARROLL, DONALD K., JJ., concur.

. Appellants, J. B. Wadsworth and Mary Elizabeth Taylor, answered alleging they owned a one-half undivided remainder interest in these lands subject to a life estate for the life of Loretta Wads-worth, and asked that their lands be dismissed from the suit.

. These parties, by stipulation, dismissed their answers and thus have no standing in this cause.

. F.S. § 298.02(1), F.S.A.

. South County Drainage District v. Brevard County, 277 So.2d 31 (1 Fla.App.1973).