ERVIN, Justice
(dissenting) :
This is a conflict certiorari review of the decision of the District Court of Appeal, First District, in McKinnon v. Atlantis Water Management District (Fla.App.), 281 So.2d 909.
The facts and legal issues are set out fully in the District Court opinion and it is not necessary to restate them here.
The question presented is whether there is conflict of decisions in this case because the District Court reversed the trial judge who held that adjacent property owners to the proposed Atlantis Water Management District did not have the statutory right to appear and be heard in proceedings to incorporate the said Management District and to assert objections to the incorporation of the district.
In accordance with pertinent provisions of Chapter 298, F.S., i. e., Sections 298.02, 298.03 and 298.07, F.S.A., the trial judge held that only owners of lands in the pro *595 posed water management district were entitled to be notified and heard in the hearings provided by Chapter 298, F.S., for the formation of a drainage or water control district.
From an inspection of the statute, I find the trial judge to be correct and the District Court mistaken. There is no authority in the statute requiring notification of adjacent owners of land outside the proposed district in order to afford them opportunity to object to the formation of the district in the district incorporation proceedings at peril of the district being denied formation if such notice and opportunity for hearing is not afforded. Moreover, there is nothing in said statutes indicating that adjacent owners must be heard as an essential condition precedent to the formation of the proposed district.
I do not believe that in this case the right to be heard by owners of lands in the district provided in the statute as to initial incorporation can be judicially extended to adjacent owners since any extension thereof is a legislative function.
Conflict appears between the District Court’s decision and the rationale in Roux v. Houk (1931), 101 Fla. 64, 133 So. 853, 857, as to those who are entitled to be heard in the formation of a water control or drainage district; also with the line of cases relating to the separation of powers doctrine that the courts cannot repeal or modify unambiguous legislative provisions by contradictory interpretations. See Fine v. Moran, 74 Fla. 417, 428, 77 So. 533, 536, and State ex rel. Bie v. Swope, 159 Fla. 18, 24, 30 So.2d 748, 751.
I would quash the District Court decision only as to the narrow question first stated without prejudice to any other rights adjacent owners of lands to the District may have to object to projected plans and operation of the district or its extension under other statutes or any other rights respondents may have by way of injunction or otherwise in law.
The machinery for incorporation of a drainage or water management district is a statutory policy matter. The method and manner of formulation of such a district lies within' the legislative province. The Legislature did not include adjacent owners as among those required to be heard. To add them by court opinion is judicial legislation contrary to all previous holdings to the effect statutes should be given a plain or strict construction.
I take notice of the fact that additional legislation' has been enacted which changes the requirements of notice as to adjacent owners, but the legislation is not retroactive in this case.
The decision of the District Court should be quashed with direction to reinstate the judgment of the trial judge.