QUESTION: May a special water management district be established in Broward County, pursuant to Ch. 298, F.S., in view of the recently enacted Broward County Charter, and considering Ch. 165, F.S.?
SUMMARY: To the extent that the methods of creating a water management district under Ch. 298, F.S., or any other general or special law existent on July 1, 1974, conflict with the provisions of ss. 165.022 and 165.041(2), F.S., as enacted by Ch. 74-192, Laws of Florida, s. 165.022 operates to supersede any such conflicting provisions of general or special law and mandates that the provisions of s. 165.041(2) control the establishment of such districts; and where a county charter does not provide an "exclusive method" for the creation of such districts as specifically authorized by Art. VIII, s. 6(e), State Const., within the purview of Ch. 74-192, supra, they may be established only in accordance with the provisions of Ch. 74-192. Any water management district created pursuant to a county charter or by special act approved by vote of the electors or otherwise created by special act or ordinance of a county or ordinance of a municipality may not levy ad valorem taxes in such district prior to an approving vote of the electors of such district as required by Art. VII, s. 9(b), State Const. Your question as stated is answered in the negative for the reasons hereinafter stated. Chapter 298, F.S., is entitled "Drainage and Water Management" and ss. 298.01-298.03 provide the procedures which may be followed by the Department of Natural Resources or certain land owners to form a water management district. In in re West Water Management District, 269 So.2d 405 (2 D.C.A. Fla., 1972), the court noted at p. 407 that Ch. 125, F.S., . . . allows the County to establish, abolish and create such districts, and if the Legislature allows Chapter 298 to stand we can envision a race to the courthouse when citizens attempt to establish a drainage district as these petitioners have. It therefore behooves the Legislature to correct these kinds of conflicts. The Legislature did not see fit to repeal Chapter 298 and it is part of the General Laws of Florida and provides a clearly defined method for establishing such drainage district. . . . [G]eneral law cannot be abrogated by County Charter. . . . We hasten to add, the County charter is in conflict with the [sic] Chapter 298 and should be corrected by the Legislature. The Legislature has not repealed the provisions of Ch. 298, supra, dealing with the formation of water management districts, but in 1974 it enacted the "Formation of Local Governments Act," Ch. 74-192, Laws of Florida. Section 165.031(5), F.S., was created to provide: (5) "Special District" means a local unit of special government created pursuant to general or special law for the purposes of performing prescribed, specialized functions within limited boundaries. It would appear that a water management district, s. 298.01, supra, is a "special district" as defined by s. 165.031(5), supra. See AGO 075-27 relating to a mosquito control district created pursuant to general law, Ch.388, F.S. Section 165.041(2), F.S., was created to provide: (2) A charter for creation of a special district shall be adopted only by special act of the legislature or by ordinance of a county or municipal governing body having jurisdiction over the area affected. (Emphasis supplied.) In addition, s. 165.022, F.S., was created to provide: It is further the purpose of this act to provide viable and usable general law standards and procedures for forming and dissolving municipalities and special districts in lieu of any procedure or standards now provided by general or special law. The provisions of this act shall be the exclusive procedure pursuant to general law for forming or dissolving municipalities and special districts in this state except in those counties operating under a home rule charter which provides for an exclusive method as specifically authorized by the state constitution in article VIII, section 6(e). Any provisions of a general or special law, existing on the effective date of this act [July 1, 1974] in conflict with the provisions of this act shall not be effective to the extent of such conflict. (Emphasis supplied.) Thus, to the extent that the provisions of s.165.041(2), supra, regarding the creation of a special district for water management purposes conflict with the provisions of ss.298.01-298.03, supra, or any other general or special law existent on July 1, 1974, s. 165.022, supra, mandates that the provisions of s. 165.041(2) control, unless the county is "operating under a home rule charter which provides for an exclusive method as specifically authorized by the state constitution in article VIII, section 6(e)." (Emphasis supplied.) Cf., AGO 075-27, concluding that the county commission of a noncharter county may not abolish a district created pursuant to general law by home rule ordinance. The Charter of Broward County was adopted by a vote of the electorate on November 5, 1974, and became effective January 1, 1975. Section 8.05 of the Charter provides: The County Commission shall have full power to create, alter or abolish special municipal taxing districts or units to the full extent granted by the Constitution and the Laws of Florida, . . . . This grant of power to the Broward County Commission to create special municipal taxing districts or units is not, in my opinion, an "exclusive method" for which exception is made in s. 165.022, supra. Also see s. 1, Ch. 74-191, Laws of Florida, amending s. 125.01(1)(q) and (r), F.S., authorizing all counties to establish, merge, or abolish municipal service taxing or benefit units for any part or all of the unincorporated area of the county to provide certain municipal services. Any water management district created under the aforecited charter provision or by special act approved by vote of the electors or otherwise created by special act or ordinance of a county, or ordinance of a municipality, may not levy ad valorem taxes in such district prior to an approving vote by the electors within the taxing unit as required by Art. VII, s. 9(b), State Const. Attorney General Opinion 075-24, and cf., AGO 075-32.