365 So.2d 800 (1978)
Linda GONZALES, Appellant,
v.
JACKSONVILLE GENERAL HOSPITAL, INCORPORATED, a Corporation, Homemakers Incorporated, a Corporation, and Medical Personnel Pool of Duval County, Incorporated, a Corporation, Appellees.
No. GG-388.
District Court of Appeal of Florida, First District.
December 22, 1978.
*801 Howard T. Snyder and James L. Harrison of Harrison & Snyder, Jacksonville, for appellant.
Richard M. Hart, Jr. of Howell, Howell, Liles & Braddock, Jacksonville, John I. Todd, Jr., Jacksonville, for appellees.
PER CURIAM.
This is an appeal from a summary final judgment by which the trial judge held plaintiff's action to be barred by the statute of limitations, F.S. 95.11(6), Florida Statutes 1973.
During the evening of April 2, 1973, while appellant, Linda Gonzales, (plaintiff in the trial court) was a patient at Jacksonville General Hospital, Incorporated, a nurse gave her a shot in the buttocks. She immediately experienced severe pain and reported the incident to the supervisor. Her complaint alleges substantial injuries resulting from the shot. Over two years later, to wit: On November 12, 1975, the plaintiff filed a claim under the Medical Malpractice Reform Act against Jacksonville General Hospital, Incorporated. The hospital made third party claims against appellees Homemakers Incorporated, and Medical Personnel Pool of Duval County, Incorporated, alleging that one or the other supplied the nurse who administered the shot. By stipulation of all parties that claim for medical malpractice was dismissed. On July 9, 1976 the plaintiff commenced action against Jacksonville General Hospital, Incorporated whereupon Homemakers, Incorporated and Medical Personnel Pool of Duval County, Incorporated were again joined as third party defendants. In due course a second amended complaint was filed whereby the plaintiff alleged, inter alia, that for a consideration Homemakers, Incorporated and Medical Personnel Pool of Duval County, Incorporated had undertaken to provide to Jacksonville General Hospital, Inc., competent, qualified and professional nurses who were either registered nurses or licensed practical nurses; and that a nurse provided to the hospital by Homemakers, Inc., and Medical Personnel Pool of Duval County, Inc., or either of them, had administered an injection into the plaintiff's buttock in a careless and negligent manner, thereby injuring her.
Depositions in the record reveal that Homemakers, Incorporated and Medical Personnel Pool of Duval County, Incorporated were both engaged in the business of supplying nurses to those needing their services. The person or corporation to whom a nurse was supplied would pay the supplier an agreed upon sum and the supplier in turn would pay the nurse, generally at a rate less than that paid by the user.
All defendants filed motions for summary judgment, urging applicability of a two year statute of limitations. The trial judge granted those motions, reciting as depositive F.S. 95.11(6), Florida Statutes 1973. The plaintiff appealed only the summary judgments in favor of Homemakers, Incorporated and Medical Personnel Pool of Duval County, Incorporated.
There is no issue but that plaintiff's alleged injury was sustained and discovered more than two years prior to the commencement of any action against appellees. Nor is there any question but that the *802 action was commenced within less than four years. The issue, therefore, is which statute is applicable.
F.S. 95.11(6), Florida Statutes 1973, provided for the commencement of actions within two years "* * * to recover damages for injuries to the person arising from any medical, dental, optometric, chiropodial, or chiropractic treatment or surgical operation, * * *". Subsection (4) of F.S. 95.11 provided for the commencement within four years of "[a]ny action for relief not specifically provided for in this chapter." Chapter 95, Florida Statutes, was substantially revised by Chapter 74-382 which became effective January 1, 1975. It provided, among other things, that a two year limitations period would be applicable to:
"An action for professional malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence; provided, however, that the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional; * * *"
The period applicable to actions founded on negligence was recited to be four years. That act (Chapter 74-382) further provided:
"This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred."
Chapter 95, Florida Statutes, was further amended by Chapter 75-9, Laws of Florida, which became effective May 20, 1975. By that act F.S. 95.11 was amended to read as follows:
"95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
"(4) WITHIN TWO YEARS. 
"(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence; provided, however, that the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
"(b) An action for medical malpractice shall be commenced within two years from the time the incident occurred giving rise to the action, or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence, provided, however, that in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued. An action for medical malpractice is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph where it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the four-year period, the period of limitations is extended forward two years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed seven years from the date the incident giving rise to the injury occurred."
Appellant first contends that since she has couched her second amended complaint in terms of carelessness and negligence and that since appellees did not themselves provide medical or other such treatment then F.S. 95.11(6) is not applicable and that therefore the four year statute of limitations is applicable. We reject that *803 contention on that premise. Clearly, unless the nurse furnished by appellees (or one of them) was careless or negligent and thereby caused injury to appellant then no liability can be visited upon appellees. The act of administering the shot by the nurse, we hold, was a medical act. Accordingly, F.S. 95.11(6), Florida Statutes 1973, was applicable to appellees as well as the hospital. That statute would have, unless rendered ineffective by subsequent amendment, barred the action which was commenced by the plaintiff more than two years after her alleged injury.
However, F.S. 95.11(6), as it existed on April 2, 1973, the date of the alleged negligent act, ceased to exist on January 1, 1975, the effective date of Chapter 74-382. Section (4)(a) of that act provided for a two year period of limitations applicable to actions for professional malpractice, whether founded on contract or tort, with the proviso "that the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional". Clearly there was no privity between appellant and appellees, nor between appellant and the nurse who administered the shot complained of. The privity was between appellant and the hospital, which is not a party to this appeal. Since the two year statute of limitations provided by Chapter 74-382 was limited to persons in privity with the professional it necessarily follows that that limitation was and is inapplicable. Having determined that statute to be inapplicable the only remaining statute of limitations which could have been applied is section (3)(a) of § 95.11 "an action founded on negligence" or section (3)(b) "any action not specifically provided for in these statutes". The period provided for in those sections was four years.
It is pointed out to us, however, as already recited, that the subject statute was again amended by Chapter 75-9 which became effective May 20, 1975, prior to the filing of the subject cause of action. That amendment separated actions for medical malpractice from actions for other professional malpractice, adding a paragraph which became paragraph (b) of subsection (4) of section 95.11, Florida Statutes 1977. That paragraph, too, contains a limitation upon its applicability, as follows:
"The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care."
Recognizing, as we do, that the above quoted sentence is subject to differing interpretations, we are of the view that the legislature intended by the language employed to limit application of the two year limitation period to actions wherein privity exists between the claimant and the health care provider and any other persons (or corporations) claimed by the claimant to be liable and with whom there exists a privity relationship. Such a construction is in keeping with the verbiage of predecessor statutes and with the logical conclusion that the legislature intended to impose a two year limitation upon claims between parties in privity, one with the other, but to allow additional time for discovery and assertion of claims against persons claimed to be liable but with whom the claimant has no privity relationship.
So construing the limiting sentence, the amendatory provision of Chapter 75-9 has no application here since the plaintiff specifically alleged in her second amended complaint the absence of any privity relationship between herself and appellees (or the allegedly offending nurse) and there is nothing in the record before us (nor before the learned trial judge) to establish the contrary.
We have not overlooked the arguments of counsel as to whether Chapter 74-382 and Chapter 75-9 have retroactive or prospective application. If we are bound to engage in semantics and fit our holding into time honored and recognized pigeon holes, then we hold that by virtue of the language of Section 36 of Chapter 74-382, the legislature expressly evinced an intention of retroactive application. The provision in that section that actions not barred by existing statutes but which would be barred by a provision of that act upon it becoming law could be commenced before *804 January 1, 1976 clearly recognized immediate application of the act and was necessary in order that the act meet constitutional standards. (See Foley v. Morris, 339 So.2d 215 (Fla. 1976) and Fleeman v. Case, 342 So.2d 815 (Fla. 1976)). No such provision was necessary, though, as to actions which were not barred by the act on its effective date. We construe the express language of the act that it became effective on January 1, 1975 to mean just that and that all pending actions be subject to the provisions of the act on that date. It is for that reason that we recited supra that F.S. 95.11(6) as it existed on April 2, 1973 "ceased to exist on January 1, 1975, the effective date of Chapter 74-382".
Our construction is in accord with Neff v. General Development Corp., 354 So.2d 1275 (Fla. 2nd DCA 1978) wherein our sister court stated (in a footnote):
"Absent a legislative mandate to the contrary it is the enlarged limitation period which is applicable to mature causes of action not otherwise barred prior to the effective date of the longer period."
Such was also essentially the holding of the majority in Mazda Motors of America, Inc. v. S.C. Henderson & Sons, 364 So.2d 107 (Fla. 1st DCA 1978).
As already mentioned, the learned trial judge held applicable and relied upon F.S. 95.11, Florida Statutes 1973. That section was specifically amended by section 7 of Chapter 74-382. Since there was no provision in the act preserving F.S. 95.11(6), Florida Statutes 1973, and there was no corollary in the new act, then on the effective date of the act (January 1, 1975) it (Chapter 74-382) became applicable to causes of actions then existing. The two year limitations period provided in the amendatory act was not, for the reasons already mentioned, applicable to the plaintiff's cause of action which had not then been barred by any applicable statute of limitations. The only remaining limitations period which could be applied was, as appellant has contended on this appeal, the four year statute applicable to actions founded on negligence and any other actions not specifically provided for in the then existing statutes.
Whether or not Chapter 75-9, which provided for no specific effective date (only providing that it should take effect upon becoming law) had prospective or retrospective application is immaterial because, for the reasons already herein recited, (absence of privity) the two year limitation period provided for in that Chapter has no application here.
Having determined, as we do, that by virtue of the language of Chapter 74-382, which contained no corollary to F.S. 95.11(6) Florida Statutes 1973, the later statute was superseded and ceased to exist as of January 1, 1975 and that for the reasons stated Chapter 75-9 had no effect on the plaintiff's cause of action, we conclude that plaintiff had four years within which to commence the action against appellees. We need not, therefore, here address the other issues argued in the briefs of counsel for the respective parties.
REVERSED and REMANDED for further proceedings consistent herewith.
McCORD, C.J., BOYER, J., and MASON, ERNEST E., Associate Judge, concur.