371 So.2d 1077 (1979)
MERCY HOSPITAL, INC., Appellant,
v.
Margarita MENENDEZ and Valentin Menendez, Appellees.
No. 79-242.
District Court of Appeal of Florida, Third District.
June 12, 1979.
Adams & Ward, Miami, for appellant.
Maguire & Friend and Michael P. Maguire, Miami, for appellees.
Barrett, Boyd & Bajoczky and Armando Garcia, Tallahassee, for Florida Patient's Compensation Fund, as amicus curiae.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
*1078 PER CURIAM.
This interlocutory appeal calls for an interpretation and application of the $100,000.00 limitation on liability in medical malpractice actions when the defendant health care provider has met the conditions set out in Section 768.54(2)(b), Florida Statutes (1977).[1] The appellant is Mercy Hospital, Inc., in Miami, defendant in a medical malpractice action. The appellees are the plaintiffs in that action, who received a verdict for $125,000.00 and subsequently a judgment in that amount. On this appeal, the hospital urges that the trial court erred in its denial of the hospital's motion for limitation of the judgment to the amount of $100,000.00.
The Medical Malpractice Reform Act provides that upon the performance of the conditions specified, a health care provider "shall not be liable for an amount in excess of $100,000 per claim." During the progress of this cause, neither the plaintiffs nor the defendant pled the terms of the statute. After the entry of the jury verdict, the defendant filed a motion for limitation of judgment and an affidavit of one of defendant's officers alleging that the hospital had complied with the conditions of the statute. A hearing was held and the court entered an amended final judgment limiting the plaintiffs' recovery from the hospital to $100,000.00 and providing for a recovery of $25,000.00 from the Florida Patient's Compensation Fund.
The Florida Patient's Compensation Fund filed a "Motion to Appear" asking the court for leave to appear specially for the purpose of presenting a motion for relief from the judgment. The Fund pointed out that it was not a party to the proceeding and that the statute provided that a judgment could be entered against the Fund only if the Fund was a party to the proceeding.[2] A hearing was held and, thereupon, the court entered an order denying the motion for limitation of judgment and re-established the final judgment against the hospital in the amount of $125,000.00. This appeal is from that order
The appellant hospital's position is that the statute has been violated in that it provides for the limitation and that the hospital has established its compliance with the conditions of the statute. On the other hand, the plaintiffs' position is that they are entitled to the full amount of the judgment against the hospital because the hospital failed to plead the statute and its compliance therewith as a defense to the suit.
The question is squarely presented: Is the defendant health care provider required to plead the Medical Malpractice Reform *1079 Act in order to receive the benefits of the limitation or may compliance with the statute be shown in limitation of the judgment after the entry of the jury verdict? We hold that the plaintiffs have the burden of making the Fund a party in any suit where recovery is sought against a health care provider in excess of $100,000.00, and that upon the plaintiffs' failure to make the Fund a party, the trial court may, within the time allowed by Florida Rule of Civil Procedure 1.530, enter an order for the limitation of the judgment in accordance with Section 768.54(2)(b), Florida Statutes (1977).
This decision is reached upon a consideration of the terms of the legislative act and our understanding of the legislative intent of that act. Legislative intent may be determined from a reading of the act in its entirety. See State v. Gale Distributors, Inc., 349 So.2d 150, 153 (Fla. 1977), and cases cited thereat. Where the words of the statute are clear, it is the duty of the courts to give effect to the law, see Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694 (1918), unless the court is convinced that the letter and spirit of the statute is unconstitutional in its terms or application. See State ex rel. Davis v. City of Largo, 110 Fla. 21, 149 So. 420 (1933).
The plaintiffs' suggestion that the limitation provided should be treated as a "set off" that must be pled by the defendant[3] simply is not supported by the language of the statute. The provision in the statute is one of limitation of judgment upon the performance of conditions specified.
It is further argued by the plaintiffs that this application of the statute will give it an unconstitutional effect in that the Fund is like an insurance program and that the legislative requirement that the Fund be joined in the suit is an unconstitutional invasion of the right of the Florida Supreme Court to establish rules of procedure. Cf. Markert v. Johnston, 367 So.2d 1003 (Fla. 1978). It is apparent from a reading of the Medical Malpractice Reform Act that the legislature did not set up an insurance fund with obligations to the health care provider. The plan is one in which the Fund has obligations primarily to the plaintiff in a medical malpractice action. As such, it is reasonable to require that the Fund be joined in any suit to enforce those obligations.
Because the obligation of the Fund is not secondary and is not a set-off, it must be joined and have a right to defend. Nor do we think that the obligation of the Fund may be said to be an affirmative defense of the health care provider. To be such a defense the limitation of liability would need to be conditioned on a notice or pleading. Such an intention cannot be gathered from the statute. Perhaps that would have been a better way to have written the limitation but the wisdom of legislation is not within our province. See Holley v. Adams, 238 So.2d 401 (Fla. 1970). We, therefore, conclude that the limitation is enforceable after verdict upon proper proof of compliance with the terms and conditions of the statute.
One objection of the plaintiffs to the procedure employed in this case has merit. The plaintiffs were not provided with a pleading alleging the facts upon which the limitation was enforced. On remand, the defendant shall, within ten days, file a pleading alleging the fact that it is a health care provider covered by the limitation contained in the statute and directly alleging the acts that it has performed which meet the conditions set forth in the limitation. The plaintiffs may respond within ten days with an admission or denial as in an answer to a complaint (see Florida Rule of Civil Procedure 1.110). The issues thus raised, if any, may be determined by the court.
Reversed and remanded.
NOTES
[1] This section is a subsequently amended portion of the Medical Malpractice Reform Act of 1975, the wording of which was in effect at the time of the filing of this suit. It provides in part:

"(b) A health care provider shall not be liable for an amount in excess of $100,000 per claim for claims covered under subsection (3) in this state if, at the time the incident giving rise to the cause of the claim occurred, the health care provider:
"1. Had:
"a. Posted bond in the amount of $100,000 per claim;
"b. Proved financial responsibility in the amount of $100,000 per claim to the satisfaction of the board of governors of the fund through the establishment of an appropriate escrow account;
"c. Obtained medical malpractice insurance in the amount of $100,000 or more per claim from private insurers or the Joint Underwriting Association established under subsection 627.351(7); or
"d. Obtained self-insurance as provided in s. 627.357, providing coverage in an amount of $100,000 or more per claim, and
"2. Had paid, for the year in which the incident occurred for which the claim was filed, the fee required pursuant to subsection (3)."
[2] Section 768.54(3)(e), Florida Statutes (1977), provides in part:

"(e) Claims procedures. 
"1. Any person may file an action against a participating health care provider for damages covered under the fund, except that the person filing the claim shall not recover against the fund for any portion of a judgment for damages arising out of the rendering of, or failure to render, medical care or services against a health care provider for damages covered under the fund unless the fund was named as a defendant in the suit."
* * * * * *
[3] See Florida Rule of Civil Procedure 1.170.