375 So.2d 1096 (1979)
Harvey DURDEN and Patricia Durden, His Wife, Appellants,
v.
AMERICAN HOSPITAL SUPPLY CORPORATION, Appellee.
No. 79-29.
District Court of Appeal of Florida, Third District.
September 18, 1979.
Rehearing Denied November 6, 1979.
*1097 Chonin & Segor, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and T.E. Scott, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Plaintiff, Harvey Durden, appeals an order dismissing with prejudice his complaint for negligence as being barred by the applicable statute of limitations.
American Hospital Supply Corporation owns and operates the Biological Laboratory, a blood donor center located in Miami, Florida. On January 14, 1974 and several occasions previous thereto, Harvey Durden sold his blood to Biological. By letter dated January 16, 1974 Biological notified him that a hepatitis antigen was present in his blood. Durden contracted infectious hepatitis and on December 23, 1977 filed a complaint and subsequently a third amended complaint against appellee, American Hospital Supply, for negligence in the extraction of his blood. He alleged that American was negligent in the following respects: use of a dirty needle, failure to use a clean or sterilized needle and failure to properly inspect the needle for cleanliness prior to use. American moved to dismiss the third amended complaint as being barred by the two-year statute of limitations for medical malpractice. After a hearing the trial court determined as a matter of law that the case was barred by the two-year statute of limitations and entered the herein appealed order dismissing the complaint with prejudice.
The issue presented for our determination is whether the two-year statute of limitations for medical malpractice, Section 95.11(4)(b), is applicable or the four-year limitation for general negligence actions pursuant to Section 95.11(3)(a).[1]
*1098 American contends that the language in Section 95.11(4)(b) is broad and all-encompassing and being a health care provider as defined in Section 768.50(2)(b), Florida Statutes (1977),[2] it falls within the purview of this statute set out below:
.....
"95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
* * * * * *
"(4) Within two years. 
* * * * * *
"(b) An action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued. An `action for medical malpractice' is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the four-year period, the period of limitations is extended forward two years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed seven years from the date the incident giving rise to the injury occurred."
.....
We cannot agree.
A controlling principle of law with respect to statutory construction is that the words contained in a statute must be construed in their plain and ordinary sense. Reino v. State, 352 So.2d 853 (Fla. 1977). This principle was succinctly stated in Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla. 1960):
"[1, 2] In making a judicial effort to ascertain the legislative intent implicit in a statute, the courts are bound by the plain and definite language of the statute *1099 and are not authorized to engage in semantic niceties or speculations. If the language of the statute is clear and unequivocal, then the legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended. Fine v. Moran, 74 Fla. 417, 77 So. 533; Miami Bridge Co. v. Railroad Commission, 155 Fla. 366, 20 So.2d 356; State ex rel. Bie v. Swope et al., 159 Fla. 18, 30 So.2d 748."
Construing Section 95.11(4)(b) in its plain and ordinary sense, it is apparent that more than just the fact that a party defendant is a health care provider is required to bring a cause of action within this two-year statute of limitations. In addition, the claim for damages must arise as a result of medical, dental or surgical diagnosis, treatment or care on the part of the health care provider. See Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721, 722 (Fla. 3d DCA 1977). Durden sold his blood to American. There was no medical, dental or surgical diagnosis, treatment or care rendered by American to Durden. The relationship contemplated by the subject statute of limitation is in the nature of doctor (dentist)-patient or hospital-patient in contrast to the vendor-vendee relationship in the case at bar. Durden's third amended complaint is grounded upon allegations of ordinary negligence and, therefore, the four-year statute of limitations, Section 95.11(3)(a), Florida Statutes (1977), is applicable.
For the reasons stated the order dismissing Durden's third amended complaint with prejudice is reversed and the cause remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] "95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:

* * * * * *
"(3) Within four years. 
"(a) An action founded on negligence."
* * * * * *
[2] "768.50 Collateral sources of indemnity

"(1) In any action for damages for personal injury or wrongful death, whether in tort or in contract, arising out of the rendition of professional services by a health care provider in which liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts paid to the claimant from all collateral sources which are available to him; however, there shall be no reduction for collateral sources for which a subrogation right exists. Upon a finding of liability and an awarding of damages by the trier of fact, the court shall receive evidence from the claimant and other appropriate persons concerning the total amounts of collateral sources which have been paid for the benefit of the claimant or are otherwise available to him. The court shall also take testimony of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he is receiving as a result of his injury, and shall offset any restriction in the award by such amounts.
"(2) For purposes of this section:
* * * * * *
"(b) `Health care provider' means hospitals licensed under chapter 395; physicians licensed under chapter 458; osteopaths licensed under chapter 459; podiatrists licensed under chapter 461; dentists licensed under chapter 466; chiropractors licensed under chapter 460; naturopaths licensed under chapter 462; nurses licensed under chapter 464; clinical laboratories registered under chapter 483; physician's assistants certified under chapter 458; physical therapists and physical therapist assistants licensed under chapter 486; health maintenance organizations certificated under part II of chapter 641; ambulatory surgical centers as defined in paragraph (c); blood banks, plasma centers, industrial clinics, and renal dialysis facilities; or professional associations, partnerships, corporations, joint ventures, or other associations for professional activity by health care providers." [Emphasis Supplied]