SCHWARTZ, Judge.
After proceedings conducted pursuant to our decision in Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077, 1079 (Fla.3d DCA 1979), cert. denied, 383 So.2d 1198 (Fla.1980), the trial court held that the hospital had not complied with the conditions of Section 768.54(2)(b), Florida Statutes (1976 Supp.)[1] so as to permit a limitation of its liability to $100,000 per medical malpractice claim. Accordingly, the final judgment previously entered for the plaintiffs in the full amount of their $125,000 jury verdict against Mercy was held to be in full force and effect. The hospital again appeals from this determination.
We agree with the conclusion below that, properly interpreted, Section 768.54(2)(b)l required — as it specifically said — that the escrow account established by a health care provider to demonstrate financial responsibility under the option provided by that subparagraph be in the amount of $100,000 “per claim.”[2] Since it is conceded that *50 Mercy’s escrow account was far less than that,[3] the order under review is
Affirmed.

. The section then provided:
0s) A health care provider shall not be liable for an amount in excess of $100,000 per claim for claims covered under subsection (3) in this state if, at the time the incident giving rise to the cause of the claim occurred, the health care provider:
T. Had:
‘a. Posted bond in the amount of $100,000 per claim;
‘b. Proved financial responsibility in the amount of $100,000 per claim to the satisfaction of the board of governors of the fund through the establishment of an appropriate escrow account;
‘c. Obtained medical malpractice insurance in the amount of $100,000 or more per claim from private insurers or the Joint Underwriting Association established under subsection 627.351(7); or
‘d. Obtained self-insurance as provided in s. 627.357, providing coverage in an amount of $100,000 or more per claim...
This provision was drastically revised by Ch. 78-47, Laws of Florida, on the point in issue here. See Section 768.54(2)(b), Florida Statutes (1979).

. Reading subparagraphs a-d together, see 30 Fla.Jur. Statutes § 91 (1974), it is plain that the legislature sought to precondition the right to limit liability upon the provision, through one of four alternative means, of security for the payment of every claim up to $100,000. This conclusion is strengthened by the fact that sub- *50 paragraphs a-d, then contained in Section 627.-353 Fla.Stat. (1976), were each specifically amended by inserting the words “per claim” after “$100,000.” Ch. 76-260, § 6, Laws of Fla. See 30 Fla.Jur. Statutes § 97 (1974). There is thus no basis for Mercy’s contention that any escrowed amount whatever would comply with paragraph “b” so long as the board of governors approved. The “satisfaction” of the board provided in the statute obviously refers only to its satisfaction that the escrow account actually exists or is properly secured, rather than to its approval of the amount. That issue is (or was) mandated by statute.

. At least eight malpractice claims were brought against Mercy in the pertinent year of 1976. Mercy’s escrow account was only $100,-000.