428 So.2d 708 (1983)
Clarence B. OWENS, As Duly Appointed and Acting Personal Representative of the Estate of Maxine Owens, Deceased, Appellant,
v.
FLORIDA PATIENT'S COMPENSATION FUND, Appellee.
No. AM-401.
District Court of Appeal of Florida, First District.
March 1, 1983.
As Amended March 31, 1983.
Rehearing Denied April 11, 1983.
*709 Althea M. Lachicotte, of Searcy & Facciolo, Jacksonville, for appellant.
Samuel R. Neel, III, of Perkins & Collins, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order entered in the circuit court for Leon County granting summary judgment in favor of the appellee Fund. Appellant is the personal representative in a medical malpractice action which was filed against a deceased patient's treating physician and the Tallahassee Memorial Regional Medical Center. Appellee Compensation Fund was not a named party in the original complaint, and was not joined by amended complaint until September of 1981. The complaint alleges that the deceased died in May of 1976. Appellee pled the § 95.11(4)(b) statute of limitations as an affirmative defense; appellant moved to strike this defense, arguing that it is not applicable to joinder of the Patient's Compensation Fund in a medical malpractice suit. The trial court denied appellant's motion, ruling that the Fund "has the right to assert any defense applicable to it, including the statute of limitations." Upon appellee's motion the trial court then granted summary judgment in favor of appellee. We affirm.
Appellee argues (1) that because appellant did not appeal the trial court's ruling that the Fund may raise available defenses including the statute of limitations, he therefore may now challenge only the applicable limitations period; and (2) the Patient's Compensation Fund is not an insurance program, and § 95.11(4)(b) provides the applicable limitations period by which the present action is barred as against the Fund. We conclude that the trial court's ruling on appellant's motion to strike appellee's limitations defense was a nonappealable interlocutory order, and appellate review of that issue upon this appeal from the subsequent summary judgment is therefore proper.
In Mercy Hospital Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), cert. denied 383 So.2d 1198, in considering the consequences of a health care provider's *710 failure to "plead the statute and its compliance therewith as a defense," the court suggested that in enacting Chapter 768 the
legislature did not set up an insurance fund with obligations to the health care provider. The plan is one in which the Fund has obligations primarily to the plaintiff in a medical malpractice action... . The obligation of the Fund is not secondary and is not a setoff... .
Appellant in the present case suggests that the Fund is in the nature of an insurance program, and that cases addressing the applicability of statutes of limitations to a defendant tort-feasor's insurer when named as a party are likewise applicable in the present case. Such cases, e.g., Clemons v. Flagler Hospital Inc., 385 So.2d 1134 (Fla. 5th DCA 1980), and Davis v. Williams, 239 So.2d 593 (Fla. 1st DCA 1970), indicate that when a defendant tort-feasor's insurance company is named as a party defendant the statute of limitations applicable to the tort-feasor's negligence is not available to the insurer as a defense. The theory of these cases is that the insurer's obligation is to the insured defendant, and that any action which the plaintiff might have against the insurer is as a third party contract beneficiary, which action would not accrue until entry of judgment. But Menendez indicates that the obligation of the Patient's Compensation Fund is not to the health care provider, but rather is a direct obligation to a plaintiff patient. It is well established that when a complaint is amended so as to name a new party defendant, such amendment does not relate back, and for limitations purposes the action, as to that defendant, is not commenced until the amended complaint is filed.[1] The present case comes within this general rule, and appellant's "insurer's exception," predicated on a third party contract beneficiary rationale, does not apply. Section 768.54(3)(e), and Menendez, indicate that the Fund has a direct obligation to the plaintiff-patient in the action against the participating health care provider; the medical negligence limitations period of § 95.11(4)(b), rather than a limitations period for a later-accruing contract action, should be available to the Patient's Compensation Fund.
AFFIRMED.
JOANOS and NIMMONS, JJ., concur.
NOTES
[1] Fla.Jur.2d, Limitations, §§ 76, 77.