**HUMBER v. ROSS, et al**
Case No. 81-6013 CA (L) 01 K
Fifteenth Judicial Circuit, Palm Beach County
April 15, 1983

William DeForest Thompson, for plaintiff.

Martin Flanigan, for defendant Florida Patient's Compensation Fund.

Roy Watson for defendant Doctor's Hospital.

Robert Bergin, for defendant Ross.

R. WILLIAM RUTTER, JR., Circuit Judge

This cause came to be heard upon defendant's, Florida Patient Compensation Fund, Motion to Dismiss Plaintiffs' Amended Complaint, and the Court having heard argument of counsel and being fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1.  That it appears on the face of plaintiffs' original complaint that this cause arises out of medical care and treatment received by the plaintiff, William A. Humber, between December 7, 1979 and December 27, 1979.

2.  That the initial complaint in this cause was filed on December 21, 1981 and did not name the Florida Patient's Compensation Fund as a party defendant.

3.  That the Florida Patient's Compensation Fund was first made a party defendant to this cause on January 27, 1983 with the filing of plaintiffs' Amended Complaint.

4.  That plaintiffs' attempt to amend the original Complaint in order to add Florida Patient's Compensation Fund as a new party defendant in this action does not relate back to the filing of the original complaint for the purposes of tolling the Statute of Limitation as to that new party defendant.

5.  That plaintiffs' action against Florida Patient's Compensation Fund is governed by the medical negligence limitations period provided in Florida Statute 95.11(4)(b).

6.  That it is apparent on the face of plaintiffs' Amended Complaint that plaintiffs' cause of action, having not been commenced against the Florida Patient's Compensation Fund until January 27, 1983 is time-barred by Florida Statute 95.11(4)(b), and therefore, plaintiffs' Amended Complaint as it relates to Florida Patient's Compensation Fund is dismissed with prejudice.

7.  In support of granting Florida Patient's Compensation Fund's Motion to Dismiss, the Court finds and so rules that the governing law is that set forth in *Owens v. Florida Patient's Compensation Fund*, Fla. Law Wkly, (March 4, 1983); *Mercy Hospital, Inc. v. Menendez*, 371 So.2d 1077 (Fla. 3rd DCA 1979), Cert. denied 383 So.2d 1198; and Florida Statute 95.11(4)(b).