444 So.2d 538 (1984)
Jose Luis GARCIA, a Minor, by and through His Parents and Next Best Friends, Jose Antonio GARCIA and Marisela Garcia, and Jose Antonio Garcia and Marisela Garcia, Individually, Appellants,
v.
CEDARS OF LEBANON HOSPITAL CORP. a Florida Corporation; Florida Patients Compensation Fund; Jose H. Leon, M.D.; Physicians Protective Trust Fund; Rory A. Marin, M.D., and Michael A. Nahmad, and Luis Felipe Mencia, M.D. and S. Villega, M.D., Appellees.
Nos. 83-1127, 83-1324.
District Court of Appeal of Florida, Third District.
January 24, 1984.
Brumer, Cohen, Logan & Kandell and Allan G. Cohen and Karen A. Curran, Miami, for appellants.
Adams, Hunter, Angones & Adams and R. Wade Adams and John McClure, Miami, for appellees.
Before BARKDULL, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
This case presents another challenge to the constitutionality of former Section 768.54(2)(b), Florida Statutes (1981).[1] We adhere to our decision in Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1198 (Fla. 1980), which concluded, although in dicta, that the provision which limits a judgment against qualified health providers to $100,000 was valid and enforceable. In Florida Medical Center, Inc. v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983), the fourth district's well-reasoned *539 opinion declared Section 768.54(2)(b) an unconstitutional invasion of the courts' province, noting that its decision conflicted with our decision in Mercy Hospital.[2] The Florida Supreme Court has accepted certiorari in Von Stetina,[3] the disposition of which will control this case as well.
Affirmed.
NOTES
[1] We note that this section, which limited the liability of health care providers, was amended by Chapter 82-391, Section 2, Laws of Florida (codified at Section 768.54(2)(b), Florida Statutes (1982)). The amendment, which became effective June 22, 1982, does not apply to the case at bar.
[2] The court in Mercy Hospital focused on the 1977 statute. The limitation of liability provision was subsequently amended several times. Although the Von Stetina court dealt with the 1981 version of the statute, the prior amendments had no effect on the provisions pertinent to either court's holding.
[3] Interdistrict conflict for jurisdictional purposes may be based on dicta. See Sweet v. Josephson, 173 So.2d 444, 446 (Fla. 1965).