447 So.2d 349 (1984)
Gregory R. BURR, Appellant,
v.
FLORIDA PATIENT'S COMPENSATION FUND, and Bayfront Medical Center, Inc., Appellees.
No. 83-1359.
District Court of Appeal of Florida, Second District.
March 2, 1984.
Rehearing Denied March 28, 1984.
*350 John W. Williams and Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., and David B. Kesler, St. Petersburg, for appellant.
Thomas Saieva of Woodworth, Carlson, Meissner & Webb, St. Petersburg, for appellee/Florida Patient's Compensation Fund.
CAMPBELL, Judge.
Appellant, Gregory R. Burr, seeks reversal of the trial court's order dismissing his cause of action against the Florida Patient's Compensation Fund (Fund). The trial court ruled that appellant's cause of action appeared, on the face of his amended complaint, to be barred by the limitations period provided in section 95.11(4)(b), Florida Statutes (1981). We affirm.
On December 22, 1979, appellant allegedly suffered injuries as a result of medical malpractice while a patient at Bayfront Medical Center (Bayfront). Apparently, appellant filed his complaint against Bayfront within the two-year limitations period of section 95.11(4)(b), although this information is not provided in the parties' briefs, nor in the record on appeal.
On March 10, 1983, more than two years after the incident giving rise to appellant's alleged injury, appellant amended his complaint to add, for the first time, the Fund as a party defendant. Joinder of the Fund, as a party defendant, was required by section 768.53(3)(e)1, Florida Statutes (1981), if appellant sought to recover his claimed damages from the Fund. In Owens v. Florida Patient's Compensation Fund, 428 So.2d 708, 710 (Fla. 1st DCA 1983), the court expressly held that for the purposes of complying with section 95.11(4)(b), when a complaint against a health care provider is amended to add the Fund as a new party defendant, such amendment does not relate back to the filing date of the original complaint. Therefore, as to the Fund, the action is not commenced until the amended complaint is filed. See also Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1198 (Fla. 1980). We agree with that holding and find that, as to the Fund, this action was not timely filed.
Appellant urges, however, that Owens is not applicable, so that it matters not that the amended complaint does not relate back to the filing date of the original complaint. Appellant argues instead that the amendment was filed within the limitations provisions of section 95.11(3)(f) or (p), Florida Statutes (1981), which he claims are the sections applicable to the joinder of the Fund, rather than section 95.11(4)(b).
Appellant's assertion that section 95.11(3) applies, rather than section 95.11(4), is based on the argument that the Fund is not a health care provider as contemplated by section 95.11(4), relying on Durden v. American Hospital Supply Corporation, 375 So.2d 1096 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 633 (Fla. 1980). Durden is not applicable here. The Durden court ruled section 95.11(4)(b) inapplicable because there, Durden's claim for damages against American Hospital Supply Corporation, who operated a blood donor center, arose from an injury allegedly received as a result of a vendor-vendee relationship from sales of blood. Section 95.11(4)(b), in contrast, requires an injury resulting from a relationship arising out of medical, dental or surgical diagnosis, treatment or care. Here, appellant's claims for damages clearly arise from alleged injuries occurring while undergoing medical, dental or surgical diagnosis, treatment or care at Bayfront.
Appellant also argues that because the Fund is not a health care provider rendering such services, and because the Fund was not in privity with appellant, the provisions of section 95.11(4)(b) are still inapplicable. For this position, appellant relies on Gonzales v. Jacksonville General Hospital, *351 Inc., 365 So.2d 800 (Fla. 1st DCA 1978), quashed on other grounds, 400 So.2d 965 (Fla. 1981). We agree that the Fund is not a health care provider, and that the Fund was not in privity with appellant. However, we do not agree that section 95.11(4)(b) is inapplicable, and in doing so, reject the reasoning and holding of the district court in Gonzales on the question of privity. The Florida Supreme Court, in quashing the decision of the district court in Gonzales, expressly refrained from reaching the privity issue. Section 95.11(4)(b) provides that the limitation of actions in that subsection is "limited to the health care provider and persons in privity with the provider of health care." In Gonzales, the district court construed that language to require privity between the claimant and the health care provider, as well as privity between the claimant and any other persons the claimant alleges to be liable. We reject that construction. It is clear to us that section 95.11(4)(b) applies when there is privity not only between the claimant and the health care provider, but also when anyone connected with the incident against whom the claimant alleges damages is in a privity relationship with the health care provider. We note that while both cases are from the same court, the Owens opinion does not address Gonzales.
An argument could be made that any action against the Fund is founded on a statutory liability, and that section 95.11(3)(f) should be applicable. However, it is clear to us from the overall legislative intent, as we perceive it, that section 95.11(4)(b) is applicable.[1]
In construing legislative intent to make section 95.11(4)(b) applicable, we observe several facts. Section 768.54, which creates the Fund and its liability, is found within part II of chapter 768, Florida Statutes (1981). Part II is titled "Medical Malpractice and Related Matters." Section 768.54(3), in creating the Fund, states it is for the purpose of paying portions of claims arising out of "rendering or failure to render medical care or services." The Fund is liable for claims only against health care providers who participate in the Fund. The Fund is not obligated to pay any claim unless the Fund is named as a defendant in the suit against the health care provider. That requirement alone would make it seem illogical for the legislature to have intended a longer and different limitations provision to apply to the Fund than is applied to the health care provider for whom it may be obligated.
Appellant has cited to us, as supplemental authority, Florida Medical Center, Inc. v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983). While that case may have a profound effect on portions of the statutes concerning the Florida Patient's Compensation Fund, it has no effect on the applicable statute of limitations to any action against the Fund.
Accordingly, we affirm the trial court in its dismissal of the action against the Florida Patient's Compensation Fund.
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Analogously, a wrongful death action, an action created by statute, is governed by the more specific limitations provision of section 95.11(4)(d), and not 95.11(3)(f).