DELL, Judge.
Appellants seek reversal of a final summary judgment entered in favor of the Florida Patient’s Compensation Fund.
More than four and a half years after accrual of their claim for medical malpractice, appellants amended their complaint to add the Florida Patient’s Compensation Fund. On motion for summary judgment, the trial court held that under Sections 95.11(3)(f) and 95.11(4)(b), Florida Statutes (1983), the statute of limitations had expired on appellants’ claim against appellee, and granted appellee’s motion on the authority of Owens v. Florida Patient’s Compensation Fund, 428 So.2d 708 (Fla. 1st DCA 1983).
Our decision in Florida Patient’s Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984), although issued after the trial court’s decision, requires reversal of the summary judgment in favor of appellee. We again acknowledge that this court’s decision is in direct and express conflict with the following cases: Taddiken v. Florida Patient’s Compensation Fund, 449 So.2d 956 (Fla. 3d DCA 1984); Burr v. Florida Patient’s Compensation Fund, 447 So.2d 349 (Fla. 2d DCA 1984); Owens v. Florida Patient’s Compensation Fund, 428 So.2d 708 (Fla. 1st DCA 1983), petition for review denied, 436 So.2d 100 (Fla.1983); Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), cert. denied and appeal dismissed, 383 So.2d 1198 (Fla.1980); and Fabal v. Florida Keys Memorial Hospital, 452 So.2d 946 (Fla. 3d DCA 1984).
REVERSED and REMANDED.
HERSEY and WALDEN, JJ., concur.