578 So.2d 501 (1991)
John SMITH and Mary Smith, Individually and On Behalf of Their Minor Child, Jack Smith, Appellants,
v.
SOUTHWEST FLORIDA BLOOD BANK, INC., Appellee.
No. 90-01216.
District Court of Appeal of Florida, Second District.
April 26, 1991.
*502 Elizabeth Koebel Russo of Law Offices of Elizabeth, Russo, P.A., Miami, Peeples, Earl & Blank, Sarasota, and Anderson Moss Parks & Russo, Miami, for appellants.
Ted R. Manry, III, D. James Kadyk, and Harold D. Oehler of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
Thomas J. Guilday of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for amicus curiae Florida Ass'n of Blood Banks.
Raymond T. Elligett, Jr., and F. Ronald Fraley of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for amicus curiae Gerald Silva.
HALL, Judge.
The appellants John and Mary Smith challenge the order dismissing their cause with prejudice due to the running of the statute of limitations. The Smiths contend that the trial court erroneously applied the medical malpractice statute of limitations because their cause of action sounds in negligence.
In February 1984, the Smiths' infant son was hospitalized for suspected spinal meningitis. During his hospitalization, the infant received ten units of cryoprecipitate, a blood component derived from donated human blood, supplied by the appellee Southwest Florida Blood Bank, Inc. In April 1986, the Smiths were informed that the cryoprecipitate their son had received had been derived from the blood of a donor who had tested positive for the human immunodeficiency virus, which virus causes acquired immune deficiency syndrome. That same month, the Smiths' son's blood tested HIV positive. In January 1990, the Smiths filed a complaint for damages against Southwest. In response, Southwest filed a motion to dismiss alleging that it is entitled to reliance on section 95.11(4)(b), Florida Statutes (1989), the medical malpractice statute of limitations, because it is a health care provider or, in the alternative, it is in privity with the health care provider hospital at which the Smiths' son received the cryoprecipitate. The trial judge granted the motion to dismiss, finding that Southwest was in privity with a provider of health care as contemplated by section 95.11(4)(b). Consequently, the judge dismissed the Smiths' complaint with prejudice because it had been filed more than two years from the time the Smiths had knowledge of both the incident giving rise to the cause of action and the injury that allegedly resulted from that incident.
By this appeal, the Smiths contend that their action against Southwest is not an action sounding in medical malpractice as it did not arise out of medical diagnosis, treatment, or care by a provider of health care. Relying on Durden v. Am. Hosp. Supply Corp., 375 So.2d 1096 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 633 (Fla. 1980), they contend Southwest is merely a supplier of a commodity which eventually reached the Smiths' son through purchase and sales channels. Thus, the Smiths conclude, Southwest cannot be held to be in privity with the hospital because, as a supplier *503 of a commodity, its liability to the Smiths is separate and distinct from any liability the hospital may have.
As we have stated in Silva v. Southwest Fla. Blood Bank, Inc., 578 So.2d 503 (Fla. 2d DCA 1991), we do not agree with the reasoning in Durden and have certified conflict therewith. We again certify conflict with Durden in reaching our decision herein.
We find that Southwest is a health care provider that rendered medical treatment, diagnosis, or care to the Smiths' child, and we adopt our explanation of this finding as set forth in Silva v. Southwest Fla. Blood Bank, Inc. In light of our finding that Southwest is a health care provider, we do not find it necessary to reach the issue of privity. We affirm the trial court's dismissal of the Smiths' complaint.
Affirmed.
SCHOONOVER, C.J., and DANAHY, J., concur.