ALLEN, Judge.
The appellants challenge a summary judgment dismissing their medical malpractice action as barred by the statute of limitations and repose in section 95.11(4)(b), Florida Statutes. We conclude that the court should not have entered this summary judgment in the absence of an undisputed privity relationship between the appellants and a health care provider as specified in section 95.11(4)(b).
The appellants’ medical malpractice action was based on occurrences in connection with care which Allen Archey received at a medical clinic operated by the appellee Government Healthcare. Archey was at the clinic as a participant in a United States Navy medical program, and an earlier action against the United States was dismissed when it was indicated that the clinic was operated by Government Healthcare as an independent contractor. The appellants thereafter filed the present action alleging malpractice in the appellee Snodgrass’ interpretation and report on a radiological examination which Archey underwent at the clinic. The appellants further alleged that there was no privity relationship between Archey and either of the appellees.
Section 95.11(4)(b) specifies the limitations and repose periods for medical malpractice actions, while providing that:
The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care.
The appellees sought summary judgment based on the limitations and repose periods in this statute, and the parties presented argument to the court as to whether application of the statute requires privity between the appellants and the provider of health care. In entering summary judgment and dismissing the action the trial court construed the statute to require privity only as between the provider and other persons invoking the statutory defense, without regard to whether any provider was in privity with the appellants. However, this construction does not comport with the caselaw in this area, and does not give proper effect to the statutory language.
In the appealed order the trial court relied on Taddiken v. Florida Patient’s Compensation Fund, 478 So.2d 1058 (Fla.1985), and Burr v. Florida Patient’s Compensation Fund, 447 So.2d 349 (Fla. 2d DCA 1984). But those cases addressed a different privity issue in the context of section 95.11(4)(b), and merely held that the statutory language permits persons in privity with the health care provider to assert the available limitations and repose defense. Taddiken and Burr did not negate the underlying requirement of privity between the claimant and a health care provider.
This court’s decision in Gonzales v. Jacksonville General Hospital, 365 So.2d 800 (Fla. 1st DCA 1978), which'is discussed in Burr, directly addressed the issue now presented. In Gonzalez we held that section 95.11(4)(b) applies only when there is privity between the claimant and a health care provider.* Although Gonzales would control the present case, that decision was quashed on other grounds in Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla.1981). Recognizing that the disapproval of another aspect of Gonzales made the privity issue moot in Homemakers, the supreme court noted that there was thus no need to determine whether privity (between the claimant and the providers) existed “as required by § 95.11(4)(b)....”
The supreme court’s apparent assumption in Homemakers, that there must be privity between the claimant and a health care provider, is buttressed by the court’s subsequent *251 decision in Baskerville — Donovan Engineers, Inc. v. Pensacola House Condominium Assn., Inc., 581 So.2d 1301 (Fla.1991). In that case the court addressed the section 95.11(4)(a), Florida Statutes, limitations period for professional (but not medical) malpractice actions. Section 95.11(4)(a) contains language similar to that which is now at issue under section 95.11(4)(b), and specifies that the limitations period “shall be limited to persons in privity with the professional.” In Baskerville — Donovan the supreme court construed this language to require direct privity between the claimant and the professional, and ruled that the section 95.11(4)(a) limitations period did not apply without such privity.
In Baskerville — Donovan and Silva v. Southwest Florida Blood Bank, 601 So.2d 1184 (Fla.1992), the court also noted the general principle that any ambiguity or substantial doubt in statutory language which could shorten the limitations period should ordinarily be resolved by an interpretation which would allow the longer period of time. This notion, the existing caselaw, and a plain read-. ing of section 95.11(4)(b) all lead to the conclusion that a privity relationship between the claimant and a health care provider is essential for application of the limitations and repose periods in the statute.
Accordingly, the appealed order is reversed and the case is remanded.
MINER, J., and SMITH, LARRY G., Senior Judge, concur.

 Burr clarified that when there is such underlying privity, the § 95.11 (4)(b) limitations and repose defense may be asserted by others who are also in privity with the health care provider.